# SUPREME COURT,

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1877.

---

### BUCKNER VS. McILROY.

1. LIEN, TRANSFER, RELEASE, ETC.:

    While the holder of a debt, secured by a lien, cannot transfer the lien to a stranger, without, also, assigning the debt, he may release it to one claiming an interest in, or a junior lien on the property.

2. CONSIDERATION:

    The waiver of a legal or equitable right is a sufficient consideration to support a promise. Where there is any consideration, the law will not inquire into its adequacy.

3. CONTRACT· *Construction.*

    W. held a lien on personal property; S. represented to him that he had a valid judgment, upon which execution had been issued, and levied on the same property, and under which it would be sold, and promised, in consideration that W. would release his lien in favor of I., that he would'' pay the former $600 after the sale of the property under the execution. The judgment proved to be invalid, and proceedings to enforce it were enjoined: Held, that the agreement of S. amounted to an undertaking that he would sell the goods before the return day of the execution, and became an absolute promise to pay as soon as the sale was enjoined.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*B. R. Davidson* and *J. D. Walker*, for appellant.

*L. Gregg, contra.*

PINDALL, SP. J.:

The appellant, as assignee of David Walker, sued the appellee, as one of the members of the late firm of Denton D. Stark & Co., upon a promise in writing, filed with the complaint, in the following words: " David Walker has this day transferred to us his lien right to the drugs, medicines, merchandise, chattels and effects, which were conveyed by James C. Pendleton to John O. Peacock, by deed of trust, now on record in the Washington County Court, to secure the payment of notes given for the purchase money of said drugs, etc., one of which said notes Walker holds by assignment. In consideration of which release of said drugs, etc., we, Denton D. Stark & Co., promise to pay to said Walker the sum of $600 after the sale of said drugs, now levied upon and in the hands of the sheriff, to satisfy a judgment in our favor, this August 23d, 1875.

DENTON D. STARK & Co."

*Endorsed:*

" Pay to C. R. Buckner.                    D. WALKER."

The complaint, in substance, alleges :

That, on the 23d August, 1875, David Walker was the owner, by assignment, of a note given in part payment for a stock of drugs, etc., and which said note was secured by a deed of trust on said drugs, etc., executed by James C. Pendleton to John O. Peacock; as trustee, and that Denton D. Stark & Co. had a judgment against Adams & Bro., entered of record in the Washington Circuit Court; that they represented to said Walker that said judgment was a good and valid one, and that execution had

been issued thereon, and levied upon the property, upon which Walker held a lien, and said property had been seized, and was then in the hands of the sheriff, and would be sold to satisfy said judgment; and that, in consideration of the release, by 'Walker to said Denton D. Stark & Co. of his lien on said property, they, the said Denton D. Stark & Co., executed and delivered to said Walker their promise in writing, whereby they agreed and promised to pay him the sum of $600 after the sale of said drugs, then levied upon and in the hands of the sheriff, to satisfy said judgment, in favor of the promisors; that the said David Walker afterwards assigned and delivered said promise in writing to the plaintiff, and the same was filed with the complaint. It is further averred that said Stark & Co. did not have a good and valid judgment against Adams & Bro., but that the same, so entered on the records, was illegal, and afterwards perpetually enjoined, and the collection thereof restrained by the Circuit Court of Washington County, and the goods released to Adams & Bro., and that there never could be a sale thereof under said execution, or to satisfy said judgment; avers a request and demand, and prays judgment.

The defendant interposed a demurrer to this complaint.

The court being of opinion that said complaint was insufficient, the demurrer was sustained. The plaintiff excepted, and declining to amend his complaint, final judgment was rendered against him, from which he prosecutes this appeal.

Two points, raised by this demurrer, have been argued in this court by the respective counsel.

It is insisted, by counsel for appellee, that there was no sufficient consideration for the promise; that the agreement was to pay Walker for a transfer of a lien right.

It is true that one of the recitals in the written promise is, that Walker had transferred to Stark & Co. his lien right to the

drugs, etc., but it is also stated that the consideration for the promise was the release of the lien recited in the agreement. It is shown in the complaint that Walker was the holder of a lien on certain property, which Stark & Co. had caused to be seized on an execution, and were proceeding to sell, to satisfy a judgment they claimed to have against Adams & Bro., and that the consideration for the promise sued on, was a release by Walker to Stark & Co. of this lien.

While a party holding a debt secured by lien, cannot convey the lien to a stranger, without also assigning the debt, he may release the lien upon the property to one claiming an interest or junior lien on the property.

While it is true a right of action does not arise on a mere naked promise, yet, if there be any legal consideration for the promise, the court will not inquire into its adequacy,—"The law having no means of deciding upon this matter, and it being considered unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties, by not allowing them to be the judges of the benefits to be derived from their bargains, provided there be no incompetency to contract, and the agreement violate no rule of law. It is, indeed, necessary that the consideration be of some value, but it is sufficient if it be of slight value only. *E. G.:* the compromise, or abandonment of a doubtful right is a sufficient consideration for a contract, even when it turns out that the point given up was in truth against the promisee." · 1 Chitty on Contracts (11 Ed.) 29.

See, also, Parsons on Contracts, 436; Story on Contracts, 431.

So an agreement to forbear to institute or prosecute legal or equitable proceedings, or to enforce either a legal or equitable demand, either absolutely or for a time, is sufficient consideration for a promise. Chitty on Contracts, 35.

It is not necessary that the forbearance shall extend to an entire discharge of the proceedings. Chitty on Contracts, 40.

In general, a waiver of any legal or equitable right, at the request of another, is a sufficient consideration for a promise. 1 Parsons on Contracts, 444.

Appellee further insists, that the complaint shows that the sum claimed has not become due, according to the terms of the contract, and that, if any payment is to be made, it was to be after a sale under execution, and that, as no such sale had been or could be made, no recovery can be had on the promise.

This seems to be the principal defense relied upon, and the question in the case.

If, by a proper construction of the contract, the sale under execution was a condition precedent to the payment of the note, no recovery can be had until that condition is performed; but, if by postponing the payment of the money until after the sale, was merely fixing a convenient time of payment, then a cause of action would accrue at any reasonable time after the sale should have taken place, and the happening, or non-happening of the contingency, does not affect the liability to pay.

"In determining whether stipulations as to the time of performing a contract of sale are conditions precedent, the court seeks simply to discover what the parties really intended, and if time appears, on a fair consideration of the language and circumstances, to be of the essence of the contract, stipulations in regard to it, will be held conditions precedent." Benjamin on Sales, 440.

"No particular words are necessary to constitute a condition precedent, or a condition subsequent, and if there be any question on this point, it must be determined by the intention of the parties, as manifested by the circumstances of the particular case." 1 Story on Contracts, 29. See, also, 2 Parsons Contracts, 527.

It is not contended that Walker had any thing to do to promote the sale, or that the sale was to be made under the lien he released to Stark & Co.; on the contrary, it was contemplated that the sale was to be made under the execution, then in the hands of the sheriff, on Stark & Co.'s judgment, and the release of Walker's lien was procured to enable that sale to be made; the sale was not defeated by any defect of Walker's lien, or by any fault or neglect of his, but because Stark & Co.'s judgment was illegal; and further, the transfer of Walker's lien to Stark & Co. was not made dependent upon the validity of Stark's judgment, or upon a sale to be had thereunder; the release of the lien was made at, or before, the execution of the note; the payment of the consideration for the release alone, was postponed until after the sale took place.

It is further to be observed, that apt words, to constitute a condition precedent, were not used in the agreement. The expression is not that $600 were to be paid, upon condition that a sale should take place, or provided a sale was made; there are no ifs or ands about it, but the promise is without qualification "to pay $600 after the sale of said drugs, now levied upon, and in the hands of the sheriff, to satisfy a judgment in our favor." And the allegation in the complaint is, that the promisors represented to Walker that the drugs would be sold to satisfy the judgment. This representation to Walker, under the circumstances, became an agreement to proceed with the sale.

It was ruled in *Savage* v. *Whitaker*, 15 Maine, 24: "That an agreement to do a certain thing, involves an undertaking to secure and use effectually all the means necessary to accomplish the object." In that case, Whitaker and Bryan executed to Savage a note for $500, in consideration that Savage would transfer to them a mail contract which had been let by the postoffice department to one Bunker, and which Bunker had agreed to transfer

to Savage.   The  department  revoked  the  contract  to Bunker, under a rule which forbid the contractor, Bunker, to transfer the contract without the consent of the postmaster general, and on a suit by Savage, against Whitaker and Bryan, on the note, it was held that their agreement to transfer to Whitaker and Bryan, involved an agreement to obtain the consent of the postmaster general.

It has also been held by the Massachusetts court:   That when the promise was "to pay" the plaintiff $100 if the "defendant recovered of T. Sherman his demands, to be paid when recovered of said Sherman," it was competent for the plaintiff to prove that the defendant had no demands against Sherman, or to show that he had not used due diligence to collect them and thus to render the promise absolute.   *White* v. *Snell*, 5 Pick., 425, and in the same case, 9 Pick., 16, it was held that the promise to pay, "if and when the defendant shall collect his demands of T. Sherman," implies that the defendant will use due diligence to collect such demands.

Upon the whole case as presented by the demurrer, we think the release of the lien, held by Walker upon the goods Stark & Co. were seeking to subject to the satisfaction of their judgment, was a sufficient consideration for the promise; and  that the representation of Stark & Co. to him, that they had a valid judgment and would proceed to sell the goods under their execution, amounted to an understanding on their part, that they would sell the goods before the return day of that execution, and that their promise to pay, after the sale of the goods, became an absolute promise to pay as soon as the sale was enjoined, and a reasonable time to sell had elapsed.

The decision of the Washington Circuit Court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Hon. David Walker, J., did not sit in this case.