## LAY v. BROWN.

### Opinion delivered December 2, 1912.

1.  CONTRACTS—CONSIDERATION.—A promise by B to refrain from bidding at a judicial sale at which he is entitled to bid, is a valid consideration to support a promise by A to refrain from proceeding against certain property against which she had a legal right to proceed. (Page 3.)

2.  CONTRACTS—CONSPIRACY TO STIFLE BIDDING.—In the absence of evidence to that effect this agreement is not one tending to stifle or prevent bidding at a judicial sale. (Page 4.)

3.  CONTRACTS—CONSIDERATION—PUBLIC POLICY.—An agreement not to bid at a public sale is not in contravention of public policy. (Page 4.)

4.  CONTRACTS—CONSIDERATION.—An agreement not to exercise a legal right, is a valid consideration to support a contract. (Page 4.)

Appeal from Benton Chancery Court; *T. H. Humphreys*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

W. E. Lynn, a resident of Missouri, died without children, leaving a widow, and, at the time of his death owned certain real estate in Benton County, Arkansas. Clara Lay recovered judgment against his estate for $830 and costs. The estate was administered in Missouri, and only a portion of the claim paid. Suit was filed on the judgment in Benton County, and a decree rendered for the balance due and ordering the sale of decedent's undivided interest in the land. Proceeding under the decree, only an undivided one-half interest in the land was sold by the appellant, it being assumed that the widow was entitled to one-half of the lands of her deceased husband, there being no children, and the statute providing that she shall be endowed with one-third of the real estate only, as against creditors, being overlooked.

S. A. Robinson, one of the appellees, acquired the interest of Sarah Lynn, the widow, in the lands from her heirs and devisee, and claimed to be the owner of an undivided half of the land at the time of the sale. On the day of the sale under the decree it was claimed that appellant was entitled to subject a two-thirds interest in the land to the payment of her debt, and prior to the sale Clara Lay agreed with the representatives of the owner of the other interest that she would make no further claim against appellee for the one-sixth interest, which she was entitled under the law to have subjected to the payment of her debt, if said Robinson, who was present for the purpose of bidding, would not bid at the sale of the land for the payment of her judgment. Appellee Robinson did not bid at the sale, in accordance with the agreement, and the one-half interest sold was purchased by appellant for $300. Later appellant brought this suit to subject the one-sixth interest in the lands to sale. The whole property was sold, and $169, the value of that interest brought into court and kept subject to appellant's right to recover. The court held that the agreement as made by the parties should be enforced, and that the appellant could not thereafter, in violation of her agreement, recover the money representing the one-sixth interest of said estate. From the decree denying the relief this appeal comes.

*Rice & Dickson,* for appellant.

Agreements to stifle bidding at a commissioner's sale are against public policy and void. 9 Cyc. 481. Agreements not to bid at judicial execution or other sales are to prevent competition at such sales. 9 Cyc. 491-2-3; 30 Ark. Law Rep. 417; *Id.* 546. Estoppel does not apply when the agreement is void as against public policy. 16 Cyc. 720; 47 Ark. 351.

*W. D. Mauck,* for appellee.

The agreement is valid and not contrary to public policy. 25 N. E. 306, 122 N. Y. 144; 23 N. E. (Mass.) 735; 47 Minn. 320; 27 Ark. 407; 42 Ark. 556; 24 Cyc. 28, note 8; 43 Ark. 172; 77 Ark. 31; 9 Cyc. 492, note 82.

The contract being lawful, appellant is equitably estopped to dispute its validity. 63 Ind. 107; 83 N. Y. 14; 66 N. Y. 288.

KIRBY, J., (after stating the facts). It is contended for appellant that no such agreement was made as claimed by appellee, and that if made, it was invalid, being against public policy and without consideration, and not binding against her.

The testimony was sufficient to warrant the finding of the chancellor that appellant agreed to refrain from any further proceeding against the estate of W. E. Lynn and Sarah Lynn, so far as this land was concerned, in consideration that appellee Robinson would refrain from bidding at the sale of the interest in the lands ordered sold for the satisfaction of her judgment against the estate, at which sale Robinson did not bid, and said half interest was purchased by appellant.

There is no testimony tending to show that there was any conspiracy to prevent competition at the public sale of the lands, or to stifle bidding, further than as the agreement on the part of Robinson not to bid would have such effect. Without doubt, he had the right to bid, and, having succeeded to the rights of the heirs or devisees of the widow, Sarah Lynn, in the lands ordered to be sold, which interest, he understood at the time of his purchase, amounted to an undivided half, was at the sale, as he said, for the purpose of protecting his interest by bidding. He did not bid, and the half interest in the lands sold was purchased by appellant at the sale. He refrained from bidding, on the express promise of appellant, as the chancellor found, that there would be no further proceeding against the estate of Lynn to subject any greater interest in the lands to the payment of the debt than that already sold. Appellant was aware at the time of making such agreement that another one-sixth interest in the land could be subjected to the payment of her claim.

In *Hopkins* v. *Ensign*, 122 N. Y. 144, 25 N. E. 306, the court reviewing many of the older cases in which a stricter doctrine was announced, said: "The court will now look to the intention of the parties; and if they be fair and honest and the primary purpose be not to suppress competition, but to protect their own rights, and there be no fraudulent purpose to defraud others interested in the result of the sale, the agreement may be upheld. The question is one of fact to be determined by the trial court upon the evidence before it."

The primary purpose of this agreement was not to prevent competition at the sale nor to stifle bidding, but to protect the rights of the parties, so far as the evidence shows, and it was not an agreement against public policy and void on that account.

If the land sold brought less than its reasonable value, it does not appear from the evidence, and if the agreement of appellee not to bid had resulted in such effect, those interested, on that account, had their remedy in an application to set the sale aside. Neither can it be said that the agreement of appellant was without consideration, the agreement of appellee not being in contravention of public policy. A consideration need not be a thing of pecuniary value, or even reducible to a money value. A waiver of a legal right at the request of another party is sufficient consideration for a promise. Certainly Robinson had the right to bid at the sale, and he thought it was necessary in order to protect the interest in the lands which he had purchased, and intended to do so. Appellant procured him to refrain from exercising his right, agreeing in consideration therefor to relinquish her right to proceed against the lands in controversy for a further interest than that ordered to be sold. There was a consideration, certainly, of forbearance on the part of Robinson and without doubt upon the part of appellant to relinquish a thing of value by such agreement. 9 Cyc. 311-315; *Skyes* v. *Lafferty*, 27 Ark. 407; *Kietsch* v. *Cole*, 47 Minn. 320; *Hopkins* v. *Ensign*, *supra.*

Finding no error in the record, the decree is affirmed.