BRINKLEY CAR WORKS & MANUFACTURING COMPANY

*v.* COOK.

Opinion delivered December 1, 1913.

1. CONTRACTS—CONSIDERATION.—An agreement not to exercise a legal right is a valid consideration to support a contract. (Page 326.)

2. CONTRACTS—STATUTE OF FRAUDS—CONTRACT FOR BENEFIT OF A THIRD PARTY.—Where A. agreed not to file a mechanics' lien upon B.'s property, in consideration of C.'s promise to pay the debt, C.'s promise was an original undertaking upon a new consideration, and was not required to be in writing. (Page 327.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant was the plaintiff below and alleged in its complaint the following facts: "That during August and September, 1911, it had sold and delivered to one Ben Hirsch certain lumber of the value of $352.65 for the purpose of erecting buildings on his farm. That when plaintiff requested payment from said Hirsch for said lumber he stated that defendant Cook was indebted to him in a sum in excess of the amount which he owed to plaintiff and requested the plaintiff to collect the amount from said defendant. That before the time had

expired for filing a lien on the building and land of said Hirsch, defendant requested plaintiff not to file a lien or bring action against said Hirsch for the payment of said sum, due for the lumber as aforesaid, and promised plaintiff to pay said debt if action was not brought against said Hirsch; that relying upon the promise of defendant to pay said debt, plaintiff did not file a lien or bring action against said Hirsch for the payment of said debt. That said Hirsch has since sold the land on which the improvements were made with said lumber and has left the State of Arkansas." The complaint further alleged a demand for payment by appellant and a refusal to pay by appellee. The court sustained a demurrer to the complaint and dismissed it, upon appellant's refusal to amend, and this appeal is taken from that order.

*C. T. Greenlee*, for appellant.

The demurrer should have been overruled. "A parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm, moving between the newly contracting parties." 45 Ark. 67; 64 Ark. 465; 76 Ark. 292; 106 Ark. 1, and cases cited.

*Thomas & Lee*, for appellee.

The demurrer was properly sustained. The case comes clearly within the statute of frauds. Kirby's Dig., § 3654; 102 Ark. 410; 88 Ark. 592, syllabus.

SMITH, J., (after stating the facts). An agreement not to exercise a legal right is a valid consideration to support a contract. *Lay* v. *Brown*, 106 Ark. 1; 151 S. W. 1001. And the agreement alleged in the complaint was a new and original consideration, moving between the newly contracting parties, which takes the promise to pay Hirsch's debt from without the statute of frauds.

The controlling question in cases involving an agreement to pay the debt of another is whether the agreement so to do is original or collateral. "A promise by a third person to pay the pre-existing debt of another

founded upon an original liability, and without any new consideration to support it, is a collateral undertaking and within the statute of frauds. *Krutz* v. *Adams,* 12 Ark. 174; *Chapline* v. *Atkinson,* 45 Ark. 67; *White* v. *Rintout,* 108 N. Y. 222.

But the facts alleged in the complaint are that subsequent to the making of the original debt the appellant refrained from pursuing a statutory remedy to enforce the payment of its debt, and by so doing lost the lien given it by the statute, and this indulgence was extended at appellee's request and in consideration of his promise to pay the debt. This promise was therefore an original undertaking upon a new consideration, and was not required to be in writing, and the demurrer should have been overruled. *Zimmerman* v. *Holt,* 102 Ark. 407, and cases there cited.

The judgment of the court below will therefore be reversed and the cause remanded with directions to overrule the demurrer.