LEWIS *v*. WILLIAMS.

Opinion delivered March 19, 1917.

TRUST DEEDS—CONSIDERATION.—B. purchased lands belonging to A. at a sale for the non-payment of certain drainage taxes. The lands were deeded to B., who deeded them to A. for $125, which sum was not paid, but was secured by a trust deed on the property. A. refused to pay, and B. foreclosed the deed of trust. *Held,* the deed of trust was valid and founded upon a sufficient consideration to support the same.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Carmichael, Brooks, Powers & Rector,* for appellants; *Troy W. Lewis,* on the brief.

1. Plaintiffs had no right of redemption. The time had expired. The act of 1915 could not be retroactive. Acts 1911, Act. 49; Act 43, 1915; 37 Cyc. 1390; 28 Ark. 304; 30 Am. St. 95; 16 L. R. A. 308; 51 Ark. 458; 105 *Id.* 40; 86 *Id.* 285.

2. This is a collateral attack upon a judgment. 118 Ark. 449; Castle's Suppl., § 1436; 114 Ark. 554; 94 *Id.* 588. The court had jurisdiction. 50 Ark. 188; 74 *Id.* 253, etc.

3. There was a disputed claim between the parties. This was a consideration, and the mortgage was not void. The sale was not void, and the time for redemption had expired. 43 Ark. 172; 44 *Id.* 556; 21 *Id.* 69; 99 *Id.* 588; 78 *Id.* 603.

*Webster & White,* for appellees.

1. The former decree is subject to attack. 83 Ark. 532; 60 *Id.* 374; 98 *Id.* 457; 124 N. W. 135.

2. There was no service. 51 Ark. 34; 83 *Id.* 532.

3. Amanda Williams not a party. 127 N. W. 782.

4. The tax was illegal.

5. Appellees were entitled to redeem. 99 Ark. 328. The act is retroactive.

SMITH, J. Appellees were the owners of certain lots, which were sold to appellant Troy W. Lewis, on account of the nonpayment of the drainage taxes due thereon for the year 1913. The sale took place December 21, 1914, at which time the period allowed by law for redemption from such sales was one year. The General Assembly of 1915 passed an act, which was approved and became effective on February 9, Act 43, page 123, of that year, wherein it was provided that a period of five years should be allowed for redemption from sale for drainage and other special assessments. Lewis assigned the certificate of purchase to his wife, and, upon the expiration of the year, the sale was duly confirmed and a commissioner's deed executed to Mrs. Lewis. Thereafter, Lewis entered into negotiations with appellees concerning the lots.

Appellees say Lewis told them he was the owner of the lots, which constituted their homestead, and that he threatened to turn them out of doors unless they would pay him $125 for a quitclaim deed. This statement was denied by Lewis, but there was no testimony of any immediate coercion, and this alleged threat, if made, could have meant only that Lewis intended to enforce the rights given him under his purchase.

Lewis and wife executed a quitclaim deed to appellees, for the consideration of $125, which was not paid, but was secured by a deed of trust on the lots for that amount. Appellees brought this suit to cancel this instrument, upon the theory that it was a cloud upon their title, and was void, and the complaint, in which this relief was prayed, was accompanied by a tender of the taxes, penalty, and costs paid by Lewis on account of his tax purchase. Upon the final hearing, it was adjudged that the deed of trust was without consideration, and was void, and it was cancelled as a cloud, and this appeal has been prosecuted to reverse that decree.

The action of the court below is defended upon the ground that the sale was void, because of certain alleged jurisdictional defects; and it was also contended that a right of redemption existed, under the act of 1915, above mentioned, at the time of the execution of the quitclaim deed, and the deed of trust.

Very interesting briefs are filed upon these questions, and it is apparent that there was, and is, a genuine and serious controversy over the validity of this original sale, and of the existence of any right of redemption under this act of 1915. We expressly refrain from deciding whether this act of 1915 applies to sales made prior to its enactment, and likewise whether the sale was void.

We need only to ascertain that there was a genuine controversy between the parties to conclude that a sufficient consideration existed to support a contract for its adjustment. The existence of the controversy is, itself, the consideration, and it is immaterial that the claim of one of the parties subsequently proves to have been with-

out valid foundation. *Gardner* v. *Ward,* 99 Ark. 588; *S. H. Kress Co.* v. *Moscowitz,* 105 Ark. 638.

These lots were worth $1,500, and were lost to appellees but for the quitclaim deed, which formed the consideration for the deed of trust, if appellants are correct in the contention, which they now earnestly make, that the sale for taxes was not void, and that the right of redemption had expired when the deed of trust was given.

It follows, therefore, that error was committed in adjudging this deed of trust to be void, and the decree to that effect is reversed, and the cause is remanded, with directions to the court below to enter a decree in accordance with this opinion.