JONESBORO HARDWARE COMPANY v. WESTERN TIE & TIMBER COMPANY.

Opinion delivered June 17, 1918.

1. CONTRACTS—PROMISE TO PAY THE DEBT OF ANOTHER—STATUTE OF FRAUDS.—A parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contracting parties. A waiver of a legal right is a sufficient consideration to support a promise to pay the debt of another.

2. CONTRACTS—PROMISE TO PAY THE DEBT OF ANOTHER—PROFIT OR DETRIMENT.—A. agreed to pay to B. a debt due to B. by C. in consideration of B.'s refraining from bringing garnishment proceedings. B. so refrained. Held, the contract was binding on A., and A. can not defend on the ground that the rights waived by B. to sue out the garnishments would have been profitless had they been pursued.

Appeal from Craighead Circuit Court, Jonesboro District; W. J. Driver, Judge; reversed.

A. P. Watson, for appellant.

1. A verbal promise based upon a new consideration is sufficient to take the agreement to pay the debt of

another out of the statute of frauds. 45 Ark. 67. The waiver of a legal right is a sufficient consideration. 106 *Id.* 1; 110 *Id.* 325. So is the compromise of a disputed claim. 43 *Id.* 172; 99 *Id.* 588; 74 *Id.* 270; 101 *Id.* 335. See also, 126 *Id.* 552; Page on Contracts, § 274; Parsons on Cont. 482; Hammons on Contracts, 675.

2. It was error to direct a verdict under the facts. The cause was one for a jury.

SMITH, J. In the trial of this cause in the court below, the court gave an instruction which set forth the issues involved and stated the theory upon which a verdict was directed in favor of the defendant. That instruction was as follows:

"1. In this case, the plaintiff sues the defendant, on an alleged promise to pay the debt of one L. A. Goodrich, that debt being represented by a promissory note at the time of the alleged transaction or promise for the sum of one hundred and fifty dollars, and a judgment rendered by T. F. Arrington, justice of the peace, on another note for the same amount. The plaintiff alleges that after obtaining this judgment he was preparing to cause garnishment to be issued against certain parties with whom the debtor Goodrich was transacting business by the sale of timber.

"The defendant in this case denies that he made the promise, as alleged by the plaintiff. In his defense he says that the promise was based upon an effort he was making to compromise with certain creditors with respect to caring for the indebtedness of Goodrich, and that he failed to perfect the arrangement that he expected, and notified the plaintiff of that fact. In addition to these respective contentions as mentioned to you gentlemen in these pleadings, it appears from the proof that if a promise was made in this case by the defendant to pay the debt of Goodrich that it was a promise to pay that debt without any written memorandum binding the defendant in any manner, and the only theory known to the law under which such promise can be made a binding one upon the defendant in this case was the

forbearance to take such legal action in causing writs of garnishment to be issued upon that judgment as was available to the judgment creditor, the plaintiff in this case. The evidence reflects the fact that that may be true, that he did forbear to take such legal action, but the evidence fails to disclose any advantage accruing to the defendant in this case by reason of such forbearance or any loss suffered by the plaintiff by reason of such forbearance. Without one or the other this promise would be a collateral one, would be an agreement within the statute of fraud, requiring a written memoranda, and there being no evidence in this record of any loss sustained by the plaintiff, or any advantage secured by the defendant, the evidence is not sufficient, gentlemen, to uphold a verdict, should you render one in this case for the plaintiff. That being the theory and view of the court upon the law in this case, it becomes my duty to direct a verdict for the defendant.''

In view of the fact that a verdict was directed in favor of the defendant, it is not amiss to state in more detail the forbearance of the plaintiff referred to by the court as constituting the basis of this suit. According to the testimony of the plaintiff, the defendant, through its authorized representative, agreed, on Tuesday morning, to pay Goodrich's debt if the plaintiff would refrain from suing out garnishments. Fifty dollars of this amount was to be paid on the following day, which was Wednesday, and an additional fifty dollars the following Saturday, and the remainder in short intervals. And pursuant to this agreement plaintiff was directed to have on hand on the following Saturday two hundred dollars with which to cash a draft for that amount and out of which the fifty dollar payment would be made. Plaintiff drew two hundred dollars from the bank for the purpose stated, but about two o'clock Saturday afternoon a representative of defendant called on plaintiff and notified it that plaintiff would have to look to Goodrich for the payment of its debt and to proceed with any suit it cared to prosecute. The payment of fifty dollars

promised on Wednesday was not made. When advised that payment would not be made, defendant's representative was told that orders had been given to the justice of the peace not to issue the writs of garnishment in view of defendant's agreement and that defendant would be expected to pay pursuant to its promise. Payment was refused and this suit was brought.

The testimony was to the effect that no change in the situation of the parties had occurred and that the writs of garnishment would have been no more effective at one time than at another.

The court was in error in directing a verdict in favor of the defendant in this case.

(1) We have several times held that a parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contracting parties. *Chapline* v. *Atkinson*, 45 Ark. 67; *Brinkley Carworks* v. *Cook*, 110 Ark. 325; *Zimmerman* v. *Holt*, 102 Ark. 407; *Gale* v. *Harp*, 64 Ark. 465.

We have also held that a waiver of a legal right is a sufficient consideration to support a promise to pay the debt of another. *Brinkley Carworks* v. *Cook, supra; Lay* v. *Brown*, 106 Ark. 1; *Buckner* v. *McIlroy*, 31 Ark. 631.

The instruction of the court set out above recites the fact to be that the plaintiff did forbear to have the writs of garnishment issued. But the court held that this did not constitute a sufficient consideration, for the reason that "the evidence fails to disclose any advantage accruing to the defendant in this case by reason of such forbearance or any loss suffered by the plaintiff by reason of such forbearance."

(2) Having found that there was a forbearance to sue, the court erred in refusing to enforce a contract based on that forbearance, because no advantage had accrued to one party and no loss had been sustained by the other by reason of such forbearance. That principle, followed to its logical conclusion, would permit one to

annul an otherwise valid contract by returning any consideration which had been advanced. It would likewise enable one to defeat the enforcement of his contract by showing that neither party would gain or lose if the contract were performed. The true test is whether or not a valid contract was made, and where such a contract exists the rights of the parties are governed by its terms, and neither party would have the right to refuse to perform upon a showing made that neither profit nor detriment would flow from the nonperformance of the contract.

We considered this question in the case of *Nothwang* v. *Harrison,* 126 Ark. 552, where we quoted from Page on Contracts, § 274, the following statement of the law:

''A valuable consideration is some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise. A common form of stating the same principle is that a valuable consideration for a promise may consist of a benefit to the promisor, or a detriment to the promisee.

''The use of 'benefit' and 'detriment' in this connection needs explanation. 'Benefit' does not refer to any pecuniary gain arising out of the transaction, nor 'detriment' to any pecuniary loss. It is not possible to wait till the transaction is concluded and the books balanced, to see whether a consideration existed originally. 'Benefit' as used in this rule means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled; 'detriment' means that the promisee has, in return for the promise forborne some legal right which he would otherwise have been entitled to exercise. The question of the ultimate financial loss or gain is foreign to the doctrine of consideration, if the parties each have received what they have agreed upon.''

Here the proof tends to show that plaintiff refrained from the exercise of a legal right pursuant to and in consideration of defendant's promise to pay, and the right

to enforce this contract can not be defeated by a showing that the rights waived by plaintiff to sue out the garnishments would have been profitless, had they been pursued. *Lewis* v. *Williams,* 128 Ark. 113.

For the error indicated the judgment will be reversed and the cause remanded for further proceedings.