### MITCHELL *v.* SCHULTE.

Opinion delivered March 1, 1920.

1. MECHANICS' LIEN—TIME OF FILING.—A mechanics' lien not filed within ninety days is void.
2. CONTRACTS—CONSIDERATION—DOUBTFUL OBLIGATION.—A forbearance to prosecute a doubtful claim until a certain time is a sufficient consideration to support an agreement to pay it.

3.  CONTRACTS—CONSTRUCTION.—A letter, "I write you in regard to
    lien filed by L., formerly known as B. L. Company on my house
    for unpaid lumber bill.  Please do not file suit but give me more
    time, say until December 1, 1917, and I will pay same," was
    a promise only to pay the lien and not to pay any debt which
    the contractors owed the material man, and, the lien being void,
    the writer was not liable by reason of the promise.

Appeal from Sebastian Chancery Court, Fort Smith
District; *J. V. Bourland,* Chancellor; reversed on cross-
appeal; affirmed on direct appeal.

*Daily & Woods,* for appellant.

The letter of Miss Schulte obligated her to pay the
full amount of the lumber bill for which the lien was
filed.  She knew that Foster owed the amount, and that
a lien was filed against her property, and that there was
a dispute between Foster and Boyer as to a certain
payment.  With complete knowledge of these facts she
voluntarily agrees to pay the lumber bill in consideration
of the withholding the bringing of a suit to enforce the
lien for a definite period of time.  31 Ark. 222; 106 *Id.*
1; 110 *Id.* 225.  The finding of the chancellor is clearly
against the preponderance of the evidence.  Forbearance
to sue is a sufficient consideration to support a contract.
13 C. J., p. 344, par. 194.  The proof shows that Mitch-
ell's claim was *bona fide.*  All the items actually went
into the building except the last three, and the judgment
should be increased $200, with interest from the date
of her letter.

*T. P. Winchester,* for appellee.

Excluding her letter, appellee was under no moral
or legal obligation to pay appellant.  The statute when
applicable gives a lien but imposes no personal obliga-
tion; it prescribes the time within which the lien may
be fixed and declares the method.  The lien was filed
October 20, 1917.  The chancellor's findings are sup-
ported by a preponderance of the evidence.  The plain-
tiff was not entitled to a lien and had none under the
law.  In her letter she did not agree to pay the lien on

her house; she simply promised to pay the lien, and appellant had none. She did not promise to pay the debt. Forbearance to sue worked no detriment or loss to appellant. His suit was brought in time under the statute. Plaintiff had no lien and no right to a lien. 68 Ark. 505-520; 27 *Id.* 407; 128 *Id.* 249; 69 Ark. 406. The letter to Dailey did not bind appellee to pay the balance ($67.56.) on the lumber blil. Her promise was not to pay the lumber bill but *the lien,* and the decree for $57.56 should be reversed on cross-appeal and affirmed on the appeal.

HUMPHREYS, J. Appellant instituted suit in the Chancery Court of Sebastian County, Fort Smith District, against appellee, the owner of a lot in Fort Smith, and Foster and Paget, contractors, to recover a balance of $268.26 and to enforce a material man's lien against the lot, on account of material alleged to have been sold to, and used by, the contractors in the construction of a dwelling thereon.

The material averments in the complaint were that appellant owned the lot; that appellant's predecessor in business, H. B. Boyer, sold Foster and Paget, contractors, the material for the construction of a dwelling thereon; that they owed a balance of $268.26 on the account; that he gave the required notice to appellee and filed a material man's lien against the property within the time fixed by law; that appellee agreed in writing to pay the amount of the lien in consideration of an extension of time for the enforcement of the lien by suit. The prayer was for a personal judgment against the contractors and appellant, the declaration of a lien against the property and an order of sale to satisfy same.

Appellee filed an answer, denying each material allegation in the complaint, and, in addition, alleged, in substance, that she had paid the contractors the contract price for the dwelling erected by them on said lot in the spring of 1917, except $137 which she paid to appellant after the lien was filed; that the lien was filed

more than ninety days after the last item of material was furnished for the construction of the dwelling; that the written promise only bound her to pay any valid and enforceable lien against her property; that the amount for which the lien was claimed had been paid to appellant and improperly credited by him to the Trailor job, for whom the contractors were building a house at the same time they were constructing her dwelling.

The cause was submitted to the chancellor upon the pleadings, the statutory notice to appellee and the lien filed on October 22, 1917, pursuant thereto, the assignment of the lien by H. B. Boyer to appellant, the letter of date October 24, 1917, written by appellee to appellant's attorney, the attorney's reply thereto, and the evidence, which resulted in a decree in favor of appellant against O. B. Foster for $268.26, against appellee for $67.56 and a denial of the lien.

From the refusal of the court to adjudge the full amount of the claim against appellee and to fix and enforce a lien therefor against the property, appellant has prosecuted an appeal, and from the decree against appellee for $67.56, appellee has prosecuted a cross-appeal, and the cause is before this court for trial *de novo*.

Appellant's predecessor in business, H. B. Boyer, furnished O. B. Foster and his partner, Paget, the material used by them in constructing the residence for appellee on the lot in question. Appellee paid Foster the contract price except $137 retained by her to force the contractors to finish the house, which they never did. During the construction of the residence, the contractors were also building a house for_____Traylor. According to a preponderance of the evidence a payment of $200 by O. B. Foster on appellee's job was improperly credited to Traylor's job, and an item for screen material, of date July 26, 1917, was improperly charged against appellee's job. These findings of fact, after a careful consideration of the evidence, dispose of appellant's contention that the findings by the chancellor in these particulars were contrary to the preponderance

of the evidence. After notice to appellee of appellant's intention to file a lien, she paid appellant the amount of $137 withheld by her to force a completion of the house. This payment, together with a deduction of $200 item paid by Boyer on appellee's job and improperly credited to the Traylor job; and the item of $1.40 for screening improperly charged against appellee's job, reduced appellant's claim against appellee to $67.56, which formed the basis for the judgment rendered against her by the chancellor, from which she has prosecuted a cross-appeal. Eliminating the item improperly charged for screening, the last item of material furnished to the contractors by appellant for the construction of appellee's house, was furnished July 10, 1917. The lien was filed October 22, 1917, more than ninety days after the last item was furnished and, in consequence of the failure to file it within the statutory period, was a void lien. This finding of fact also disposes of appellant's contention that the chancellor's finding that no lien existed against the property was contrary to the weight of the evidence.

Appellant contends that, notwithstanding the invalidity of the lien, appellee is bound to pay the debt in consideration of a forbearance by appellant to institute proceedings immediately to enforce the claim. It is suggested that if the claim be regarded as doubtful, or void and in good faith believed to be well founded, that a forbearance to prosecute it until December 1, 1917, was a sufficient consideration to support an agreement to pay it. A number of decisions are cited in support of that doctrine. *Matthews* v. *Morris,* 31 Ark. 222; *Lay* v. *Brown,* 106 Ark. 1; *Brinkley Car Works & Mfg. Co.* v. *Cook,* 110 Ark. 325. While the rule thus announced is sound, it does not reach the real point for determination in this case. The real point involved here is whether by the writing appellee bound herself to pay appellant's claim. This must be determined by a proper interpretation of the letter written by appellee to appellant's attorney and his reply thereto. The letters are as follows:

"Mr. Harry E. Daily,
    City.
Dear Sir:
    I write you in regard to lien filed by L. D. Mitchell, formerly known as Boyer Lumber Company, on my house, 2308 Tilles Avenue, for unpaid lumber bill. Please do not file suit but give me more time, say until December 1, 1917, and I will pay same.

Yours truly,

Ella Schulte,<br>2308 Tilles Ave."

"Miss Ella Schulte,
    2308 Tilles Avenue,
        Fort Smith, Arkansas.
Dear Miss Schulte:
    We are in receipt of your letter of the 24th inst. with respect to the L. D. Mitchell lien, in which you agree to pay same on December 1, 1917, and in reply thereto beg to state that this meets with the approval of our clients, and no action will be taken by us before that time.

Very truly yours,

Kimpel & Daily."

Appellant's contention is that the writing is broad enough to obligate appellee to pay the entire claim or indebtedness. We do not think the contention sound. The language of the letter written by appellee to appellant's attorney indicates appellee's intention to liquidate a valid and subsisting lien against her property, if given time. The promise was to pay the lien, not to pay any debt which the contractors owed appellant for material furnished for the construction of the house. That it was the lien to which appellee was addressing herself is more clearly evidenced by the reply of the attorney, which, in part, is as follows: "We are in receipt of your letter of the 24th inst. with respect to the L. D. Mitchell lien, in which you agree to pay same on December 1, 1917." We are unable to construe the language of the letter into an obligation to pay a void lien which

did not imperil her property or to pay the debt of another which did not hazard her property. Under this interpretation of her obligation, it was improper to render the personal judgment against her for $67.56.

The decree on the direct appeal is therefore affirmed, but reversed and remanded on the cross-appeal with instructions to dismiss the bill against appellee for the want of equity.

McCULLOCH, C. J. (dissenting). The decision of the majority totally diregards the contract between the parties as evidenced by the two letters set forth in the opinion. They say that the correspondence refers to the lien, but not to the payment of the debt, and refers to a lien filed in apt time, not to one which, for any reason, is invalid. In this view of the matter, the contract had no binding force whatever, for if the lien was valid it needed no new promise to make it effective, and if the promise did not amount to an obligation to pay the debt for which the lien was asserted, it did not rise to the dignity of a contract at all.

There was a conflict in the testimony as to the payments on the account of appellant, as well as to the time of completion of appellee's house by Foster, the contractor, but it may be conceded that the findings of the chancellor on these disputed questions of fact were not against the preponderance of the evidence. There is, however, no dispute as to the correspondence between appellant and appellee, nor as to the circumstances under which it arose. Appellant had, after giving notice to appellee, filed a lien in accordance with the statute (Kirby's Digest, section 4981) which provides that persons asserting such liens must file "with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety days after the things aforesaid shall have been furnished or the work or labor done or performed, a just and true account of the

demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit.''

It is well settled by numerous decisions of this court that forbearance to institute legal proceedings for a time on an asserted claim, or to refrain therefrom altogether, is sufficient consideration to support a new obligation, and that the agreement for compromise of a disputed claim, even one which is in fact without merit, also constitutes a sufficient consideration for a new promise. Those principles are distinctly recognized in the opinion of the majority, and authorities are cited in support of them. Other cases not mentioned in the opinion may be cited: *Buckner* v. *McIlroy,* 31 Ark. 631; *Willingham* v. *Jordan,* 75 Ark. 266; *Fender* v. *Helterbrandt,* 101 Ark. 335; *Nothwang* v. *Harrison,* 126 Ark. 552; *Jonesboro Hardware Co.* v. *Western Tie & Timber Co.,* 134 Ark. 543; *Simonson* v. *Patterson,* 139 Ark. 106; *First National Bank* v. *Allen,* 141 Ark. 328.

But the majority hold that these authorities have no application, for the reason that, under proper interpretation of the correspondence, appellee did not promise to pay the debt, or to discharge any lien except a valid one filed in apt time. This is a narrow view to take of the language of the letters. The lien had been filed stating the amount of the debt claimed, and notice thereof to appellee had been given. The letter referred to the filing of the lien ''for unpaid lumber bill,'' and promised in consideration of forbearance, to ''pay same.'' Pay what? The debt for which the lien was asserted. There was nothing else to pay, and that is what the letter meant if any meaning at all is to be attributed to it. And, even if the lien was filed too late, the promise to discharge it in consideration of forbearance for a time to sue constituted a waiver of the failure to file within the time prescribed by statute, or, at least, an agreement not to plead it.

Mr. Justice SMITH shares these views.