DES LAURIERS METAL PRODUCTS CO. *v.* RHODES.

1. MECHANICS' LIENS—ACTION ON BOND MAINTAINABLE ALTHOUGH STATUTORY EQUITABLE REMEDY AVAILABLE.

Where a materialman claimed a lien on a building and the owner gave a bond under 3 Comp. Laws 1915, § 14802, an action on the bond was maintainable although the statutory equitable remedy to enforce the lien was also available, but, the remedies being concurrent, defenses available in the equitable proceeding are likewise available in the action at law.

[1]Mechanics' Liens, 40 C. J. §§ 442 (Anno), 443 (Anno).

2. SAME—LIEN VOID WHERE STATUTE NOT COMPLIED WITH.

A materialman may not establish a valid lien under the statute, where it failed to notify the owner that it was furnishing material, as required by 3 Comp. Laws 1915, § 14796, as amended by Act No. 140, Pub. Acts 1919, and the owner, who had no knowledge that it was furnishing material, required of the contractor the affidavit provided for in said section before settling in full.

3. SAME—INVALIDITY OF LIEN AVAILABLE TO DEFEAT ACTION ON BOND.

Where a suit to enforce a mechanics' lien must fail because of the invalidity of the lien, an action at law on the bond given under 3 Comp. Laws 1915, § 14802, must likewise fail.

Error to Wayne; Black (Edward D.), J., presiding. Submitted January 6, 1928. (Docket No. 97.) Decided February 14, 1928.

Assumpsit in justice's court by the Des Lauriers Metal Products Company against Samuel J. Rhodes and others on a bond. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Reversed.

*Herman R. Sable,* for appellants.

*Goodenough, Voorhies, Long & Ryan (R. G. Grylls,* of counsel), for appellee.

FELLOWS, J. This writ of certiorari was improvidently issued. The case originated in justice's court in the city of Detroit, and the judgment in the circuit was for $500. Certiorari should not be permitted to be used to circumvent Act No. 155, Pub. Acts 1923. However, the questions presented are meritorious, and as the case has been argued and submitted, we will treat it as here on writ of error,

²Mechanics' Liens, 40 C. J. § 182; ³Id., 40 C. J. § 443 (Anno).

and the allowance of such writ will be made *nunc pro tunc.*

The facts briefly stated are these: Defendant Jacoby's French Cleaners & Dyers, Inc., hereafter referred to as defendant, erected a building in Detroit. Its contractor was Gails Construction Company, who obtained some of the material which went into the building from plaintiff. Plaintiff did not give the notice to defendant required by section 14796, 3 Comp. Laws 1915, as amended by Act No. 140, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 14796). Defendant required of its contractor the affidavit provided for in that section and it was furnished. It did not show that plaintiff furnished any material or that anything was due it, and defendant settled with its contractor and paid the contract price in full. Plaintiff filed a claim of lien and defendant gave a bond under section 14802. Plaintiff later sued the contractor alone and obtained judgment. It then brought this suit against defendant and its sureties on such bond. Two questions are presented:

(1) May an action at law on the bond be maintained?

(2) May defendant and his sureties in such action contest the validity of the claimed lien?

1. There is authority sustaining the contention that only by a common-law action may recovery be had on the bond. *Phillips* v. *Gilbert,* 101 U. S. 721; *La Centra* v. *Jackson,* 245 Mass. 14 (139 N. E. 429); *Martin* v. *Swift,* 120 Ill. 488 (12 N. E. 201). But the court of appeals of New York in *Morton* v. *Tucker,* 145 N. Y. 244 (40 N. E. 3), in a well-reasoned opinion held that an equitable proceeding was an appropriate remedy, and pointed out that in such a proceeding all parties could be brought before the court and their equities adjusted. This court followed the New York court in *Grace Harbor Lumber Co.* v. *Ortman,* 190

Mich. 429, which was a proceeding in equity.    We had before that, in *Vaughan* v. *Wayne Circuit Judge*, 153 Mich. 478, held that where there was a common-law action by the contractor, and an equitable action to foreclose liens pending, it was proper for the trial court to defer the trial of the action at law until after the equitable action was disposed of.    Later the court of appeals of New York had before it the question of whether an action at law was maintainable on the bond.    *Ringle* v. *Matthiessen*, 10 N. Y. App. Div. 274 (41 N. Y. Supp. 962), was a common-law action on a bond.    The decision was by the appellate division. It was held that it was maintainable.    Mr. Justice Williams, who wrote for the court, reviewed the case of *Morton* v. *Tucker, supra,* and said:

"We see no reason why the plaintiffs should not have the same right to maintain a common-law action upon this bond as upon any other bond.    While, very likely, the plaintiffs might, if they saw fit to do so, have brought the sureties into this foreclosure action, and have their liability therein determined (the court of appeals, in *Morton* v. *Tucker,* held such procedure might be adopted), still it would manifestly be unjust to compel the plaintiffs to adopt such procedure."

This case went to the court of appeals and was there affirmed.    *Ringle* v. *Matthiessen*, 158 N. Y. 740 (53 N. E. 1131).    Consistency at least requires us to likewise follow this later holding.    And it is founded on reason and common sense.    An equitable proceeding is maintainable.    There the equities of all the parties may be worked out.    But such remedy should not be exclusive.    Take the instant case: there are here no equities to be worked out, no parties other than the parties to this case who are interested.    The contractor and everyone else save plaintiff have been paid.    A suit in justice's court could and should settle the controversy between the parties.    To require plaintiff and parties similarly situated to file a bill bringing in all

interested parties, with the delays incident to chancery proceedings, when a justice's court case could settle the controversy ought not to be required.    It would deny relief to those having small claims who can illy afford to lose them.    While an equitable proceeding is maintainable, it is not exclusive, and a common-law action on the bond may be maintained.

2. The remedies being concurrent, defenses available in the statutory equitable proceeding should likewise be available in an action at law.    The defendant and its sureties would have had the right to contest the validity of plaintiff's claimed lien in the statutory equitable proceeding, and we are persuaded they have here.    The courts of other jurisdictions have so held. *Parsons* v. *Moses,* 40 N. Y. App. Div. 58 (57 N. Y. Supp. 727) ; *Burleigh Building Co.* v. *Building Co.,* 13 Colo. App. 455 (59 Pac. 83) ; *Mitchell* v. *Schulte,* 142 Ark. 446 (222 S. W. 365, 10 A. L. R. 887).    And this court, reasoning by analogy, has likewise so held in *Barnard* v. *McLeod,* 114 Mich. 75, although the action there was on the contract.    As we have pointed out, plaintiff did not give the notice required by the statute and the record establishes that defendant had no knowledge it was furnishing material.    On the other hand, defendant took the necessary steps required by the statute to protect it in the payment it made to its contractor and has paid it in full.    Plaintiff has not established the validity of its claimed lien.

The judgment must be reversed and a new trial granted.    Defendant will recover costs of this court.

NORTH, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.    FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.