LONG v. MCDANIEL.

Opinion delivered July 8, 1905.

STATUTE OF FRAUDS—PROMISE TO PAY ANOTHER'S DEBT.—A promise to pay a
debt of another antecedently contracted, where the primary debt still
subsists, is original, and not within the statute of frauds when it is
founded on a new consideration moving to the promisor, and bene-
cial to him, and is such that the promisor thereby comes under an in-
dependent duty of payment, irrespective of the ability of the principal
debtor.

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

### STATEMENT BY THE COURT.

E. A. Long was the owner of a building in Forrest City, Ark., known as the "Imperial Hotel." One of the lower rooms of the building was rented by Long to D. F. Keath to be used as a barber shop. S. P. McDaniel, a plumber, fitted up this room with bath tubs, a range, boiler and heater, drain pipes, etc. He afterwards brought his action against Long, the owner of the building, to recover $186.40, the value of his work and labor, and for material and merchandise furnished in making such improvements. The defendant denied that the plaintiff had done any work or labor or furnished any materials or merchandise at his instance or request. He further denied that he had any control over the barber shop at the time the improvement was made, or that he has any interest in the bath tub, boiler and heater, etc., for which suit is brought.

On the trial the plaintiff testified in substance that Keath wanted the bath tubs and other improvements put in his barber shop. That he agreed with Keath upon the price, but that, before he ordered the material or did the work, he went to see the defendant, Long, and asked him what he thought about it. Long replied, "You go ahead and put the stuff in, and if Mr. Keath don't pay for it I will, but don't say anything about my agreement, for I don't want him to know about that; but I want the fixtures to stay in the house." He further testified that, but for this agreement on the part of Long, he would not have ordered the material unless Keath had "put up the money for it." In other parts of his testimony he spoke of Long as being "security" for the debt, but said that he ordered the goods on the promise of Long to pay for them. The plaintiff was corroborated by testimony of the traveling salesman through whom the material was purchased by McDaniel. He said: "I was showing plumbing goods to Mr. Keath in the presence of Dr. Long and S. P. McDaniel, and, after explaining same to both Mr. Keath and Dr. Long, I named the price of these goods. Dr. Long turned to McDaniel, and said, 'Mack, you had better order the goods.'"

On the other hand, the testimony of the defendant tends strongly to show that the material was purchased and the work done by McDaniel for Keath, and that Long took no part in the transaction, and made no promise in reference thereto.

After being instructed by the court, the jury returned a verdict in favor of the plaintiff for $96.45, and defendant appealed.

*S. H. Mann,* for appellant.

The alleged undertaking of Long was collateral, and within the statute of frauds.   12 Ark. 174; 45 Ark. 67.

*John Gatling,* for appellee.

The statute of frauds does not apply.   40 Ark. 429; 12 Ark. 174.

RIDDICK, J., (after stating the facts.)  The question presented by this appeal is whether the promise of the defendant upon which the plaintiff seeks to recover comes within the statute of frauds, and is invalid because not in writing.  Counsel for defendant contends that, conceding the testimony of plaintiff to be true as the jury has found it, the substance of the whole transaction was an agreement by the defendant Long to pay the debt of the barber Keath, and that such an agreement is within the statute, and must be in writing in order to bind the defendant.  But, while the price of the work and the material had been agreed on between McDaniel and Keath, McDaniel did not order the material nor commence the work until Long promised to pay for it if Keath did not.  The bath tubs, fixtures and other improvements were to be put in a building owned by Long, and the jury were justified in finding that it was beneficial to him to have such improvement made, and that, in order to induce McDaniel to order the material and do the work, he made the promise.  If the testimony of McDaniel was true, he was induced to order the material and do the work by virtue of this promise of Long that he would see that plaintiff was paid.  It was then a debt of Long, as well as of Keath, and the promise of Long to pay was founded on a consideration directly beneficial to him, and the statute does not apply.

"Where," says the Court of Appeals of New York, "the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such

that the promisor thereby comes under an independent duty of
payment, irrespective of the liability of the principal debtor."
*White* v. *Rintoul*, 108 N. Y. 222.

No objections are urged against the instructions; and while
the case is a close one on the facts, we think the evidence sufficient
to support the judgment.

The newly discovered evidence for which the defendant also
asked a new trial was cumulative, and on the whole case we are
of the opinion that the judgment should be affirmed.