## BARRETT v. BERRYMAN.

### Opinion delivered March 5, 1917.

1.  APPEAL AND ERROR—SUFFICIENCY OF THE EVIDENCE.—If there is any substantial, legal evidence to sustain the verdict of the jury, it will not be disturbed by this court on appeal.

2.  APPEAL AND ERROR—ACTION ON ACCOUNT—INSPECTION OF BOOKS.— In an action on an account, it is not error for the trial court to refuse to require plaintiff to produce his books during the trial, where the account has been sworn to, and where defendant did not show diligence in asking for the production of the books.

3.  ACTIONS—RESPONSIBILITY OF SEVERAL DEFENDANTS.—An action may be maintained against a corporation and an individual for the same indebtedness.

4.  CONTRACTS—ORIGINAL UNDERTAKING.—M. was employed by the A. company, and sustained a severe personal injury in the course of his employment.  B. and C. the owners of the stock in the A. company, after the injury, directed that appellee doctors assume the care of M. *Held,* under the evidence that the acts of B. and C. constituted an original undertaking on their part to pay for the services rendered to M.

Appeal from Pope Circuit Court, *A. B. Priddy*, Judge; affirmed.

*R. W. Holland*, for appellant.

1. Instructions should have been given to the jury to return a verdict for the defendants. This was not an original promise or obligation, but a collateral undertaking not in writing and void under the statute of frauds. 12 Ark. 174; 102 *Id.* 435; 88 *Id.* 592.

2. Plaintiffs should have been requested to file an itemized account.

3. A great preponderance of the evidence is against the verdict. It should be set aside for the reason that there is not sufficient proof to sustain it.

4. Plaintiffs have a judgment for this debt against coal company. Therefore they cannot recover against the Barretts.

5. The books of account should have been exhibited. They were the best evidence.

*R. B. Wilson*, for appellee.

1. This was an original undertaking. 40 Ark. 429; 102 *Id.* 438.

2. The copy of the account was attached to the complaint as required by the court.

3. Two companies or parties can be sued for the same debt and two judgments obtained, but only one satisfaction.

4. Appellees were not required to produce their books at the proper time. The suit had been pending a year when the motion was made.

5. The instructions are not complained of—they embody the law.

Humphreys, J. W. F. McBride, an employee of the Arkansas Anthracite Coal Company, was seriously injured on the 6th day of August, 1914, while working in the mine of said company. All the stock in the corporation was owned by appellants and Thos. M. Barrett. W. H. Barrett, Sr., was president and general manager, and W. H. Barrett, Jr., was secretary-treas-

urer and superintendent of said company.  Appellees
are physicians and surgeons and own and operate a
hospital in Russellville, Arkansas.  Prior to the insti-
tution of this suit, W. F. McBride prosecuted a suit for
damages against the Arkansas Anthracite Coal Com-
pany and recovered judgment against it for $16,500.00.
There is evidence tending to show that this judgment
included hospital and surgeon's fees, and evidence tend-
ing to show to the contrary.  Efforts were made to
collect the judgment, which failed.  Appellees brought
this suit on January 2, 1915, against the Arkansas
Anthracite Coal Company, Thos. M. Barrett, W. H.
McBride and appellants for $750.00 covering the fol-
lowing items:

August 6 to Nov. 20:

To Hospital Room and Floor Nurse..........$300.00
To Special Nurse...........................  150.00
To Medical Services........................  300.00

The suit was dismissed as to W. F. McBride and
Thos. M. Barrett and judgment was rendered against
the other defendants.  On motion the judgment against
the Barretts was set aside and they filed an answer deny-
ing that they, or either of them, made any promise to
the appellees to pay the medical and hospital charges
of W. F. McBride.  At a later date they filed an
amended answer as follows:

"Come now the defendants W. H. Barrett, Jr.,
and W. H. Barrett, Sr., and make this their amended
answer in the above entitled cause.

The said W. H. Barrett, Sr., and W. H. Barrett,
Jr., plead as a special defense herein that they each and
both of them are relieved of liability to plaintiffs for
the sum of $750.00 as prayed for in plaintiffs' complaint
or any other sum for the reason that plaintiffs seek to
hold them, the said defendants, liable in their verbal
promise to stand good for the debt of another, and that
they claim this their defense for the reason that the said
promise on which plaintiffs seek to hold them is within
the statute of frauds."

The cause was tried on the issues joined and a verdict returned and judgment rendered in favor of appellees against the appellants for $750.00. A motion for new trial was filed and overruled. Proper steps were taken and the cause is here on appeal.

It is insisted that the judgment should be reversed for the reason that the trial court overruled appellant's motion to dismiss the suit for failure to attach an itemized account to the complaint. If such contention were tenable, no exception was saved to the court's ruling in overruling the motion.

(1) Appellants also insist that the judgment should be reversed because they say "a great preponderance of the evidence is against the verdict." This contention is not tenable in suits at law. If there is any substantial, legal evidence to sustain the verdict of the jury, it will not be disturbed by this court on appeal.

(2) Appellants insist that the judgment should be reversed because the trial court refused, when requested by appellants, to require appellees to produce their books of account. The request for the books was made during the progress of the trial and when Dr. Smith was being cross-examined. The record does not disclose where the books were at the time of the trial nor how long it would have taken to get them. The account contained only three items, and appellee, Smith, stated that the account was a correct copy of the books. None of the items of the account were questioned except in a general way. It is argued by appellants that the books would have thrown much light on the real issue in the case; that is, that the entry would have disclosed whether the account was entered in the book against W. H. Barrett, Sr., and W. H. Barrett, Jr. On proper application before the trial began, appellants could have secured an order to inspect the books. They might have used the process of *subpoena duces tecum*. As a general rule, the court's business is too important to suspend proceedings while witnesses are sent for books, papers, etc. The record fails to show that the rights of

appellants were in any way prejudiced by the refusal of the court to stop the trial and send for the books. The record does not disclose even a hint by appellants prior to this time that they desired to inspect the books. They should have shown both diligence and prejudice before asking this court to find that the trial court had abused its discretion by refusing to suspend the proceedings for a witness to go after his books.

(3) It is also contended that inasmuch as the appellees procured a judgment in this cause against the Arkansas Anthracite Coal Company that they are precluded from recovering a judgment against W. H. Barrett, Sr., and W. H. Barrett, Jr., on the same account and for the same amount. We cannot agree with learned counsel on this proposition. More than one person or corporation may be responsible for the same indebtedness. The liability of one does not necessarily exclude the liability of the other.

(4) The only remaining question in this case, and the one most urgently insisted upon for reversal of the judgment, is whether or not under the undisputed evidence the oral contract between appellants and appellees was an original or collateral undertaking. The evidence of both Dr. Smith and W. F. McBride is to the effect that W. F. McBride did not engage the services of appellees; that he was removed from the mine to the hospital at the instance and under the employment of W. H. Barrett, Sr., and W. H. Barrett, Jr. While McBride accepted the services rendered by these physicians, it was with the distinct understanding that he should not become responsible personally. The evidence seems quite conclusive that it was not an original undertaking on his part. The only question under the record in this case is whether the appellants or the Arkansas Anthracite Coal Company undertook to pay the hospital fees and medical services rendered by appellees to W. F. McBride. Certainly it cannot be said that the undisputed evidence shows that the original undertaking was by the Arkansas Anthracite Coal Company. There is much legal evidence in the record

tending to show that the original undertaking was by appellants. The evidence of U. L. Meade, W. F. Mc-Bride, L. D. Berryman, Dr. R. L. Smith and R. C. Berryman tended to show that appellants agreed to pay appellees for caring for and treating W. F. McBride. The following is an excerpt from the testimony of W. F. McBride: "When I was brought out and laid on the stretcher, they called for Dr. Bob Smith. An hour or so later he arrived there and he and old man Barrett was in conversation in three or four feet of me; and I refused to go to their place. I didn't want to go there. I wanted to be taken to my boarding house. Old man Barrett told me I was under their care and they wanted to put me where I would get proper medical treatment and he said that Dr. Smith would take me to the sanitarium and they would pay it." McBride's evidence was to the effect that W. H. Barrett, Jr., made about the same statement concerning the matter as was made by W. H. Barrett, Sr.

Appellants and their kinsmen were the owners of all the stock in the mining corporation where McBride had been crushed by the falling rock and were, therefore, greatly interested in McBride receiving proper care and attention. They were the sole representatives of the mining company.

This court said in the case of *Millsaps* v. *Nixon*, 102 Ark. 435: "It is the settled law in this State that in determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded; and in determining such intention the words of the promise, the situation of the parties and all the circumstances attending the transaction should be taken into consideration."

Applying this test to the facts in the instant case, the court might well have found that this was an original and not a collateral undertaking. It would not be proper, however, for this court to try the case *de novo*. If there is substantial, legal evidence to support the finding of the jury that this was an original undertaking, that is sufficient on appeal. Unless it can

be said that the undisputed evidence established the fact that this was an oral undertaking on the part of appellants to pay the debt either of McBride or the Anthracite Coal Company, then appellants had no right to request a peremptory instruction requiring the jury to render a verdict for them.

This court cannot say on the record before us that the whole transaction was an oral undertaking on the part of appellants not in writing to pay the debt of another. The judgment is therefore affirmed.