MISSOURI PACIFIC RAILROAD COMPANY v. HAVENS.

Opinion delivered April 28, 1924.

1. RAILROADS—PROXIMATE CAUSE OF INJURY.—Where plaintiffs, after starting to cross defendant's tracks, were flagged, and, in stopping, killed their motor engine while on the main track, where it was struck by a train, though the driver testified that, if he had not been flagged he would have got across, *held* that it was a question whether defendant's failure to sound a whistle or ring a bell was the proximate cause of the injury.

2. RAILROADS—CONTRIBUTORY NEGLIGENCE.—Whether the driver of a car who, after looking and listening for trains, and seeing none, started to cross several railway tracks, and was flagged, and, in stopping his car, killed his engine while on the main track, where it was struck by a train, the question whether he was guilty of contributory negligence was a matter for the jury.

3. RAILROADS—DUTY TO LOOK AND LISTEN—INSTRUCTION.—Where an automobile driver, before attempting to cross several tracks, looked both ways without seeing any train, and, after getting on the main track, was flagged, and, in stopping, killed his engine, which was struck by a train, an instruction that it was not neg-

ligence in every case for a traveler to fail to look and listen, that it was for the jury to determine whether or not conditions existing were such that an ordinarily prudent person might have expected a train to pass, *held* a correct statement of the law under the facts of the case.

4. APPEAL AND ERROR—INSTRUCTION—NECESSITY OF SPECIFIC OBJECTION.—An instruction, in an action for damages to an automobile struck by a train at a crossing, that the jury should consider the incident in the light of the circumstances "as they appeared to the plaintiffs" at the time *held* erroneous, but not reversible in the absence of a specific objection.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—The jury, in determining the question of contributory negligence, must consider the incident in the light of circumstances as they actually existed at the time, and not as plaintiff viewed them.

6. TRIAL—INSTRUCTIONS.—Failure of particular instructions as ignoring the defense of contributory negligence was not reversible error where the only objections to such instructions were general, and the defense was fully covered by other instructions.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellant.

1. The failure to sound a whistle or ring the bell was not the proximate cause of the injury. It was error therefore not to direct a verdict for the defendant. 84 Ark. 270. The driver of the automobile was guilty of contributory negligence as a matter of law, and this entitled the defendant to an instructed verdict. 61 Ark. 549; 97 Ark. 442; 69 Ark. 134.

2. Instruction No. 3½ tells the jury that it is a question for them to determine whether or not the plaintiff should have looked and listened. The situation here is even more extreme than pointed out in the two dissenting of opinions in the case of *Bush* v. *Brewer,* 136 Ark. 246, upon the majority opinion of which case the instruction is based.

*R. W. Robins,* for appellee.

1. The burden was on the appellant to excuse itself for the collision. There is no evidence whatever that either of the occupants of the automobile had any notice

or knowledge of the approach of the train, until just before it struck. 84 Ark. 270, relied on by appellant, does not apply.

2. Instruction No. 3½ merely qualified the general rule by informing the jury that there were circumstances which might relieve the traveler of the duty to look and listen, and this court has approved that instruction. 136 Ark. 246.

WOOD, J. On June 20, 1921, J. H. Havens was the owner of a Ford car on which the Bank of Conway had a mortgage. During the year 1921 Havens had a contract for carrying the mail from Conway to Bee Branch. Havens used the Ford car for carrying the mail. Mitchell Odom was his driver. On the above day Havens and Odom got in the car, which they had parked on the public square a short distance from the right-of-way of the Missouri Pacific Railroad Company, on the east side thereof, and they started west along Oak Street. In crossing the right-of-way they would first cross the main line track, then the passenger track, and then switch tracks. On this occasion the local freight engine, which had been switching, was standing on the passing track just south of the street crossing. As Odom drove the car up to the railroad right-of-way, he looked both ways for a train, but didn't see any. Just as the car got on the rails and partly across the main line track, the conductor of the local freight train came from behind the engine on the passing track, and motioned to Havens and Odom to stop. Odom stopped the car, and, in doing so, killed his engine. About this time the eastbound passenger train (designated by the witnesses as "the dinkey") came into view around the curve from the northwest. Odom and Havens got out of the car, and made some effort to push the same off the track, but discovered that the train was going at a very rapid rate, so they left the car and escaped injury. The car was struck by the passenger train, and demolished. The bell of the locomotive was not rung nor was the whistle

sounded until just before the crossing was reached and the automobile struck.

This action was instituted by Havens and the Bank of Conway to recover damages against the railroad company for the destruction of the automobile. They alleged that the railroad company negligently ran its passenger train violently against the car ''without having given any warning or signal for said crossing, as required by law, and completely wrecked said automobile.'' They prayed for damages in the sum of $350. The company answered, denying the allegations of the complaint, and pleaded contributory negligence on the part of the driver of the automobile.

The above are substantially the facts which the testimony tended to prove. The court, in an oral instruction, told the jury, in effect, that, if the evidence showed that the plaintiffs owned an automobile which was struck at the street crossing by the locomotive of defendant, that created, under the law, a *prima facie* case of liability against the company, and, unless it established by a preponderance of the evidence that it was not negligent in the operation of the train, they should find for the plaintiffs; and the court gave, at the request of the plaintiffs, a written instruction to the same effect. The court also gave, at the request of the plaintiffs, among others, the following instructions:

''3½. You are instructed that it is not negligence in every case for the traveler to fail to look and listen for the approach of trains. Ordinarily this is the rule, but that is not required in every case. It is for the jury to determine, from the circumstances and facts in this case, whether or not the conditions existing at the time of the accident were such that an ordinarily prudent person might have expected to pass along at that particular time. It is the duty of the jury to consider the incident in the light of the circumstances as they appeared to the plaintiffs at the time, and then to say, by your verdict, whether or not the plaintiffs were guilty of

imprudent or negligent conduct which caused or contributed to the collision.

"4.  The court instructs the jury that, if you find from the evidence that the defendant had an employee stationed at said street crossing for the purpose of giving a warning of the approach of a train to persons crossing at said street crossing, and said employee of the defendant did not warn or stop the plaintiffs until they had got on the main line of the defendant at said street crossing, then the plaintiffs had a right to rely upon the action of said employee of the defendant, unless the plaintiffs actually saw the train themselves, or were actually careless in not looking for the train.

"5.  You have been told that contributory negligence on the part of the plaintiffs would be a bar to plaintiffs' recovery in this case; but, unless you find from the evidence that said plaintiff failed to look and listen for the approach of the train as he went upon the tracks, and failed to use such reasonable care for his safety as an ordinarily prudent man would have done under the circumstances, then he was not guilty of contributory negligence, and you should not consider that as any defense to the plaintiffs' action in this case."

The court also instructed the jury, at the instance of the plaintiffs, that contributory negligence on the part of the plaintiffs would be a bar to the plaintiff's recovery. But, unless the plaintiff failed to look and listen for the approach of the train as he went upon the tracks, and failed to use such reasonable care for his safety as an ordinarily prudent man would have done under the circumstances, then he was not guity of contributory negligence, and the jury should not consider that as a defense to the plaintiff's action in the case.

The defendant asked the court to instruct the jury to direct a verdict in its favor, which prayer the court refused.  The defendant also asked the court to instruct the jury that the burden was on the plaintiff to show that the defendant failed to ring the bell or sound the whistle.

The defendant also requested the court to give an instruction on the lookout statute, which the court refused. The court, at the instance of the defendant, instructed the jury, in effect, that it was sufficient if either the bell was rung or the whistle sounded from a point eighty rods back of the crossing; that it was the duty of any one approaching the crossing to look and listen to ascertain if a train was approaching, and, if the situation was such that ordinary care required him to stop, that it would be his duty to stop his car before going on the track, and, if the driver of the automobile, in this instance, failed to comply with these duties, which contributed to the injury, the verdict should be for the defendant; that it was the duty of one approaching a railroad right-of-way to look and listen for a train, not only in one direction but in both directions, and that, even though the defendant failed to ring the bell or blow the whistle as the train approached the crossing, yet, if the driver of the automobile, by looking and listening, could have seen and heard the train, then the verdict of the jury should be in favor of the defendant; that the only acts of negligence on the part of the railroad company that the jury could consider were the alleged failure to sound the whistle or ring the bell, and that the only purpose for which the jury could consider the testimony as to the silence of the crossing-bell or gong was for determining whether or not plaintiff Havens was guilty of contributory negligence.

The jury returned a verdict in favor of the plaintiffs in the sum of $350. Judgment was rendered for that sum, from which is this appeal.

1. The appellant contends, first, that the court erred in not directing a verdict in its favor, because there was no testimony to prove that the failure to sound the whistle or ring the bell was the proximate cause of the injury. The driver of the automobile testified that "if the railroad company had not had a man there trying to flag us, I think we would have got across all right."

Counsel for appellant insist that this testimony shows that the proximate cause of the injury was the fact that the flagman stopped the driver of the automobile on the main line, and not the failure to sound the whistle or ring the bell of the passenger train. But we are convinced that it was an issue for the jury, under the evidence, to determine whether the failure to sound the whistle or ring the bell was the proximate cause of the injury. The jury might have found, from the testimony of the occupants of the automobile, that, if the statutory signals had been given, the automobile would not have been driven upon the main line; that, if these signals had been given, the occupants of the automobile would have heard the same, and therefore would not have proceeded upon the main line track and thus been caught in a predicament where they had to abandon the car and leave same standing on the track. The occupants of the car testified that they listened, and looked both ways for the trains, and didn't hear the signal. They stopped the car at the flagman's signal, and they saw the "dinkey" coming, and it was all they could do to get out of the car. It was for the jury to say, under these circumstances, whether, if the statutory signals had been given, the car would have been struck and the injury resulted.

2. The appellant next contends that the undisputed testimony shows that the contributory negligence of the occupants of the automobile was the cause of the injury. But it occurs to us that the issue of contributory negligence was likewise an issue of fact for the jury, under the evidence, and the court did not err in refusing to declare the driver of the automobile guilty of contributory negligence as a matter of law.

3. The appellant next contends that the court erred in giving instruction No. 3½, at the request of the appellees. Only a general objection was urged to this instruction, and we are convinced that, when taken in connection with instructions which the court gave at the

instance of the appellant, the jury could not have been misled under the facts adduced by the giving of instruction No. 3½, because the court had told the jury, in instructions given at the instance of the appellant, that it was the duty of a traveler approaching a railroad crossing to listen and look in both directions for trains, and, if the situation were such as to require a person of ordinary care to stop, then it would be the duty of the traveler to stop before going upon the track of the railroad.

Instruction No. 3½ is substantially a copy of an instruction (No. 9) the granting of which was held not to be prejudicial error in the case of *Busch* v. *Brewer*, 136 Ark. 246-254. The reason the instruction was not condemned in that case was because the facts there tended to prove that the railroad company maintained a gong, an electrical device, that warned travelers, when nearing the crossing, of the approach of trains. This gong could be heard for a long distance from the crossing. It began to ring when a train approached from either direction, and, when not ringing, was notice to the public that there was no danger from approaching trains. "Its silence was in a measure an invitation to the public to cross." In refusing to condemn the instruction given in *Busch* v. *Brewer, supra*, we but followed the doctrine previously announced by this court in *Chicago, R. I. & P. Ry. Co.* v. *Hamilton*, 92 Ark. 400-406, where we said: "The burden of proof was upon the defendant to establish contributory negligence, and, before it was entitled to an instruction placing upon the plaintiff the absolute duty to look and listen, it devolved on the defendant to show a state of facts which, as a matter of law, constituted negligence for him to fail to look and listen. * * * But, in acting upon an invitation to cross the tracks, it cannot be said as a matter of law that he is guilty of negligence because he fails to look up and down the track or to listen for approaching trains."

Instruction No. 3½ is sound doctrine, and it is not error to give it where the facts justify its application. The facts in the present case warranted the court in giving the instruction. The alarm bells located at the crossing were not ringing. A switch engine was below the crossing, and the crossing was open. When the local freight train is in Conway switching, ordinarily one of the brakemen flags this crossing. The engine was on the switching track by the crossing, and the flagman came out to flag the automobile. Under these facts it was an issue for the jury to say whether or not there was an invitation to the occupants of the automobile to cross the track, and it was for the jury to say whether the occupants of the automobile were thrown off their guard because they had not been flagged before they reached the passing track. There was enough similarity between the facts of this case and the facts of *Busch* v. *Brewer,* *supra,* to warrant the court in giving the instruction.

Counsel for appellant complain especially of the latter part of the instruction as follows: "It is the duty of the jury to consider the incident in the light of the circumstances as they appeared to the plaintiff at the time, and then to say, by your verdict, whether or not the plaintiff was guilty of imprudent and negligent conduct which caused or contributed to their injuries." Counsel contend that this portion of the instruction was not called to the attention of the court in *Busch* v. *Brewer,* *supra,* and that the language, "it is the duty of the jury to consider the incident in the light of the circumstances as they appeared to the plaintiffs at the time," is inherently erroneous. Counsel are correct in saying that this language of the instruction was not called to the attention of the court in *Busch* v. *Brewer, supra,* and they are also correct in saying that this language is erroneous. But we do not concur with their view that the language, when taken in connection with all the other language in which the instruction is couched, and also in connection with the other instructions, is inherently erroneous. To

be sure, it was not correct to tell the jury that it was their duty to consider the incident "in the light of the circumstances as they appeared to the plaintiffs." That would be creating a false criterion. The jury would have to consider the incident in the light of the circumstances as they existed at the time, and not as the plaintiff viewed them. But we are convinced that it was the duty of the appellant to direct the attention of the court to this inaccurate phraseology by a specific objection. Not having done so, the error in giving the instruction in the particular language to which objection is here made is not one which could be reached by a general objection, and the judgment should not be reversed on that account. *Roach* v. *Scott,* 157 Ark. 152; *Miller* v. *Fort Smith L. & T. Co.,* 136 Ark. 272; *Chancellor* v. *Stevens,* 136 Ark. 175.

4. The appellant contends, in the last place, that the court erred in giving its oral instruction to the jury, and also in its instruction No. 1, because these instructions ignored appellant's plea of contributory negligence. In other instructions the court fully and correctly defined the issue of contributory negligence, and objections to the above instructions were only general objections. The instructions, when considered as a whole, are not in conflict. If appellant conceived that they were defective in the particulars of which it now complains, it should have drawn the attention of the court to those defects by specific objections. It is manifest, when the court's charge is considered as a whole, that it does not shut out appellant's plea and defense of contributory negligence. See cases cited in division 3 of this opinion.

There is no reversible error in the record, and the judgment is affirmed.