Vernal E. BARNETT *v.* HUGHEY AUTO PARTS, INC.

CA 81-344                                    631 S.W.2d 623

Court of Appeals of Arkansas
Opinion delivered April 21, 1982

2

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Vernal E. Barnett, appeals from a judgment of the circuit court holding him personally liable as guarantor for the debts of two corporate co-defendants. The appellant contends that the trial court erred in holding him personally liable on the guaranty pleading the statute of frauds, Ark. Stat. Ann. § 38-101 (Repl. 1962).

The cause was submitted to the court on a complete stipulation of facts. It was stipulated that for many years the appellee, Hughey Auto Parts, Inc., had supplied parts and machinery to Construction Service Company and Barnett Construction Company on open account payable monthly. Appellant was the principal for both corporations and essentially the sole stockholder in both corporations. Over the years it had been appellant's practice to make payments to appellee for corporation accounts drawn on the corporation accounts even though a particular indebtedness so paid might not be that of the corporation on which the check was drawn. From October 26, 1976 to September 15, 1977, the two corporations purchased large quantities of parts and equipment from the appellee for which no substantial payments had been made, causing the officials of appellee to express to appellant their concern about the condition of these accounts. Appellant assured them that he would be responsible for seeing that the amounts were paid. It was stipulated that based on that assurance appellee continued to make credit sales to the two corporations for which payments were not received.

On September 15, 1977, the appellee refused to make any more sales on credit to the two corporations, and again approached appellant about the condition of the accounts. The appellant again assured them that he would see that they were paid. It was further stipulated that "during one of these conversations Vernal E. Barnett delivered to the office of Hughey Auto Parts, Inc. a financial statement showing his net worth to be $1,740,000 as proof of Barnett's financial ability to perform his assurance of paying the corporate indebtedness from his own assets if the corporations did not pay." Based on these assurances and in reliance thereon "Hughey Auto Parts, Inc. forbore in filing of legal action against the corporations and Vernal E. Barnett personally."

The debts of the corporations were not paid and on January 10, 1980, appellee brought this action against the corporations on the unpaid debt and against Vernal E. Barnett upon his oral guaranty. The appellant answered denying he had executed any guaranty to personally answer for the debts or defaults of the corporations and specifically plead the statute of frauds. The trial court entered judgment against all three defendants. Only the appellant, Vernal E. Barnett, appeals. He relies upon Ark. Stat. Ann. § 38-101 (Repl. 1966) which provides that no action shall be brought to charge any person upon a specific promise to answer for the debt, default or miscarriage of another unless the promise on which the action is brought be made in writing and signed by the party to be charged. It is the settled construction of this section that every collateral undertaking or promise to answer for the default of another is within the statute and void if not in writing and signed by the person sought to be charged, but original undertakings are not within it and need not be in writing. It is also settled that where the debt has already been incurred, a promise by a third party to discharge the preexisting debt of another without any new consideration or benefit passing to him, is a collateral promise and within the statute. *Kurtz* v. *Adams*, 12 Ark. 174, 7 Eng. 174 (1851).

However, even if the debt preexists, a subsequent promise of a third party to pay it is deemed original and enforcible if founded on a new consideration of benefit

moving to the promisor. *Long* v. *McDaniel,* 76 Ark. 292, 88 S.W. 964 (1905). In *Jonesboro Hardware Co.* v. *Western Tie & Timber Co.,* 134 Ark. 543, 204 S.W. 418 (1918) the Supreme Court said, "We have several times held that a parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contracting parties." It is also well settled that in determining whether an oral contract is original or collateral the intention of the parties at the time it is made must be regarded and in determining that intention the exact words of the promise, the situation of the parties and all of the circumstances surrounding the transaction should be taken into consideration. This determination ordinarily is one of fact and not of law. *Missouri Pacific Railroad Co.* v. *Havens,* 164 Ark. 108, 261 S.W. 31 (1924).

In this case the appellant was the principal officer and essentially the sole stockholder of both corporations. As such he had an unusual interest in the success of the corporate enterprise and an interest in the continued delivery of parts to the two corporations. Appellant was the principal representative of both corporations. These are permissible considerations in a determination of the issue before us. *Barrett* v. *Berryman,* 127 Ark. 609, 193 S.W. 95 (1917). It also appears that as principal officer he had used the accounts of the two corporations interchangeably in the payment of their debts. It was stipulated that the appellee placed reliance on this undertaking and advanced additional credits for which payment was not received. The appellant submitted a financial statement showing his ability to discharge the undertaking. In reliance on the financial statement and the additional undertaking and assurances of appellant, it was stipulated by the parties that there was forbearance by the appellee to sue either corporation or the appellant personally.

While no single factor set forth in the stipulation would in and of itself be determinative of the issue, we conclude that, when all the facts and circumstances of this particular case are considered, the court did not err in its determination that the undertaking of appellant was an original one and

not within the statute of frauds and was supported by original consideration and benefit moving to the promisor.

Affirmed.