## J. D. ROHRSCHEIB *v.*
## HELENA HOSPITAL ASSOCIATION

CA 83-305                                    670 S.W.2d 812

Court of Appeals of Arkansas
Division II
Opinion delivered June 6, 1984

*Garland Q. Ridenour, Ltd.,* for appellant.

*Edward Grauman,* for appellee.

GEORGE K. CRACRAFT, Judge. On January 20, 1982 Emma Trainer was admitted to the Helena Hospital for treatment. At that time an In-Patient Admission Form was typed for her which identified the patient by name, social security number, date of birth, occupation, address and next of kin. It contained the name of the admitting physician and "Symptoms and chief complaint." It also contained some information with regard to health insurance but contained no reference to charges for services or room rates and did not purport to impose any obligation upon the patient to do anything. It merely referred to her as "responsible party." It had a blank for a signature of the "responsible party" but did not define what the responsibilities were to be. This document was not signed by Mrs. Trainer. The appellant was not present when Mrs. Trainer was admitted to the hospital.

On January 25th at a time when charges in excess of $4,000 had been incurred for Mrs. Trainer's treatment she was visited by her brother-in-law J. D. Rohrscheib, who became apprehensive about her condition and obtained the concurrence of her doctor to transfer her to a hospital in

Memphis. At the time Mrs. Trainer was discharged Rohrscheib was informed that the ambulance service would require a deposit of $200, which he paid. At that time he was also asked to sign the bottom of the admission sheet as "responsible party," which he did. That portion of the document on which his signature appeared contained only the following words:

### FINANCIAL STATEMENT

| 1/25/82 | /s/ J. Childs | /s/ J. D. Rohrscheib |
|---------|---------------|----------------------|
| DATE | WITNESS | Signature of Responsible Party |

Some months later the hospital brought this action to collect the sum of $4,239.16 which was the amount owed to the hospital by Mrs. Trainer for services rendered prior to her discharge. It contended that by signing the document as responsible party Rohrscheib had become a guarantor of Mrs. Trainer's obligation. Rohrscheib denied that he had become obligated for Mrs. Trainer's debt and contended that in any event the claim was subject to the Statute of Frauds.

Rohrscheib testified that at the time he signed the document it did not show any amount due to the hospital and contained no provisions for payment by him, and that he thought he was merely assuming the responsibility for any injury to Mrs. Trainer that might result from her release from the hospital and transportation to Memphis. There was testimony from a hospital employee that at some point Rohrscheib was informed that he was assuming responsibility for the hospital charges incurred by the patient even though the total amount had not then been computed. The trial court found that although the document might have been more definite and certain, Rohrscheib knew or should have known that he was assuming financial responsibility for Mrs. Trainer's hospitalization and entered judgment against him for the entire amount.

We agree with the appellant that this was erroneous. The admission sheet contained no promise on the part of Rohrscheib or anyone else to pay the debt. Although the admission sheet does use the words "responsible party," it

fails to provide what that party is responsible for. While the words "Financial Agreement" appear above the signature line for the responsible party, the document does not state what the responsible party has agreed to do financially. The trial court's finding that by signing the document as responsible party Rohrscheib obligated himself to pay all hospital charges for Mrs. Trainer's confinement rests entirely on parol evidence. This is expressly prohibited by Ark. Stat. Ann. § 38-101 (Repl. 1966) which provides that no action may be brought to charge any person upon a special promise to answer for the debt of another unless the promise is in writing and signed by the person sought to be charged. It is the settled construction of this section that every collateral undertaking or promise to answer for the default of another is within the statute and void if not in writing and signed by the person to be charged.

It is also settled that where the original debt has already been incurred, an oral promise by a third party to discharge a preexisting debt without new consideration is a collateral promise and within the statute. However, both an original undertaking under which benefits are initially obtained, and a promise to discharge a preexisting debt which is founded on new consideration are enforceable and deemed to be outside the statute. *Barnett* v. *Hughey Auto Parts, Inc.,* 5 Ark. App. 1, 631 S.W.2d 623 (1982); *Long* v. *McDaniel,* 76 Ark. 292, 88 S.W. 964 (1905); *Kurtz* v. *Adams,* 12 Ark. 174, 7 Eng. 174 (1851).

Even if this particular writing had purported in some manner or by use of some words to impose liability upon Rohrscheib as a guarantor (which it did not) it would be void for lack of consideration. *First Nat'l Bk. of Fort Smith* v. *Nakdimen,* 111 Ark. 223, 163 S.W. 785 (1914) and *Wilson Bros. Lumber Co.* v. *Furqueron,* 204 Ark. 1064, 166 S.W.2d 1026 (1942) declare the law clearly applicable to such a case as follows:

It is essential to a valid contract of guaranty that there be a sufficient legal consideration. If there is not to be found in the contract either a benefit to the principal debtor, or to the guarantor on the one hand, or some

detriment to the guarantee on the other, the contract will fail for want of a consideration. *The mere naked promise in writing to pay the existing debt of another without any consideration therefor is void. . . .* The guaranty of a preexisting debt relates to a past consideration and therefore to be valid must be based upon a new and additional consideration. [Emphasis supplied.]

There was no evidence that Mrs. Trainer or Rohrscheib benefited in any way from his signing the document or that the hospital suffered any detriment or forebore the assertion of any right as a result of it. It was not disputed that at the time Rohrscheib signed the document all of the charges for which this action was brought had already been incurred by Mrs. Trainer. There was no contention that any services were rendered to her thereafter in reliance on any oral promise of Rohrscheib. It was also established that had Rohrscheib not signed the document the hospital staff still would not have prevented Mrs. Trainer from leaving.

Reversed and dismissed.

COOPER and CLONINGER, JJ., agree.