E.P. DOBSON, INC. *v.* Ray A. RICHARD, et al.

CA 85-232                                        705 S.W.2d 893

Court of Appeals of Arkansas
Division II
Opinion delivered March 19, 1986

156

*Henry C. Kinslow*, for appellant.

*James J. Calloway*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a decision of the Union County Circuit Court denying appellant's claim against appellees for damage to appellant's equipment as a result of the alleged negligence of appellees' son. The case was tried without a jury and the question on appeal is whether there is sufficient evidence to support the trial judge's decision.

In June 1984, appellees' son, Robert Richard, damaged appellant's gas pump while driving a car registered in the name of appellees' business. A few days later, appellant's employee, C. W. Kinslow, informed appellee Ray Richard of the damage. Mr. Richard told Kinslow that his insurance would take care of the loss. The parties disagree as to whether Mr. Richard also stated that Robert was working for him when the accident occurred. Within a few days after the incident, appellees learned that they did not have insurance to cover the loss, and Kinslow was informed of this when he spoke with Mrs. Richard by telephone a few days later. Since the appellees had worked for appellant in the past, Kinslow called Mrs. Richard two or three times to discuss the possibility that they might work off the debt, but in January 1985, Mrs. Richard informed Kinslow that they were not going to pay it.

Appellant filed suit in February 1985 against appellees and their son, Robert Richard. However, service was never perfected upon Robert Richard, who had moved to California in the fall of 1984. Appellant proceeded against appellees on two theories: (1) as principals liable for the negligence of their agent; and (2) in contract resulting from appellant's forbearance to sue in reliance upon appellees' promises and representations that the debt would be paid. Without stating its reasons, the court entered judgment for the appellees.

On appeal, the appellant argues three points:

(1) the trial court erred in failing to find that Robert Richard was appellees' agent and that appellees had ratified his negligent act;

(2) the trial court erred in failing to find that appellees were

liable to appellant in contract because of appellant's forbearance from filing suit against all three defendants; and

(3) under the holding in *Jim Halsey Co., Inc.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985), the appellant's contract and tort theories partially support each other, and taken together, should allow recovery.

With regard to appellant's contention that Robert was appellees' agent, the evidence was sharply in conflict. The burden was upon appellant to prove the existence of the agency relationship. *B.J. McAdams, Inc.* v. *Best Refrigerated Express, Inc.*, 265 Ark. 519, 579 S.W.2d 608 (1979). Appellant's argument that "the possession of the agent is the possession of the principal" and that "appellees ratified the acts of their son" is premature, because the agency relationship must first be shown to exist. The doctrine of ratification is inapplicable when no agency relationship is proved. *Runyan* v. *Community Fund of Little Rock*, 182 Ark. 441, 31 S.W.2d 743 (1930). In *Evans* v. *White*, 284 Ark. 376, 378, 682 S.W.2d 733, 734 (1985), the Arkansas Supreme Court said:

> We have adopted the definition of agency contained in the Second Restatement of the Law of Agency, Section 1, comment a, which provides that the relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control. *Crouch* v. *Twin City Transit*, 245 Ark. 778, 434 S.W.2d 816 (1968). The two essential elements of the definition are authorization and right to control.

Agency can be proved by circumstantial evidence, if the facts and circumstances introduced in evidence are sufficient to induce in the minds of the jury the belief that the relation did exist and that the agent was acting for the principal in the transaction involved. *B.J. McAdams, Inc.* v. *Best Refrigerated Express, Inc., supra.* If the facts are in dispute, agency is a question of fact. *Evans* v. *White, supra.* On appellate review of a trial judge's decision we must give due regard to his opportunity

to judge the credibility of the witnesses and we will not set aside his findings unless clearly against the preponderance of the evidence. ARCP Rule 52(a); *Superior Improvement Co.* v. *Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980). We cannot hold that the trial judge's decision was clearly against the preponderance of the evidence on this point.

Appellant's second point is that appellees became liable in contract because they initially agreed to pay the debt and, in reliance on that promise, appellant waited approximately six months to bring suit. Appellant is correct in its assertion that the waiver of a legal right (such as forbearance to sue) is sufficient consideration to support a promise to pay the debt of another. *Jonesboro Hardware Company* v. *Western Tie & Timber Company*, 134 Ark. 543, 204 S.W. 418 (1918). In *Rohrscheib* v. *Helena Hospital Association*, 12 Ark. App. 6, 9, 670 S.W.2d 812, 815 (1984), this court explained:

> It is also settled that where the original debt has already been incurred, an oral promise by a third party to discharge a preexisting debt without new consideration is a collateral promise and within the statute [of frauds]. However, both an original undertaking under which benefits are initially obtained, and a promise to discharge a preexisting debt which is founded on new consideration are enforceable and deemed to be outside the statute. *Barnett* v. *Hughey Auto Parts, Inc.*, 5 Ark. App. 1, 631 S.W.2d 623 (1982); *Long* v. *McDaniel*, 76 Ark. 292, 88 S.W. 964 (1905); *Kurtz* v. *Adams*, 12 Ark. 174, 7 Eng. 174 (1851).

*Accord, The Fausett Company* v. *Rand*, 2 Ark. App. 216, 619 S.W.2d 683 (1981).

The determination of whether an oral contract is an original undertaking or a collateral one is a question of fact, and is dependent upon all of the relevant facts:

> It is also well settled that in determining whether an oral contract is original or collateral the intention of the parties at the time it is made must be regarded and in determining that intention the exact words of the promise, the situation of the parties and all of the circumstances surrounding the transaction should be taken into consideration. This deter-

mination ordinarily is one of fact and not of law. *Missouri Pacific Railroad Co. v. Havens*, 164 Ark. 108, 261 S.W. 31 (1924).

*Barnett v. Hughey Auto Parts, Inc.*, 5 Ark. App. 1, 4, 631 S.W.2d 623, 625 (1982). *Accord, Millsaps v. Nixon*, 102 Ark. 435, 144 S.W. 915 (1912).

■ "It is also well settled that mere forbearance from exercising a legal right, without any request to forbear, or circumstances from which an agreement to forbear may be implied, is not a consideration which will support a promise." *Federal Compress & Warehouse Co. v. Hall*, 209 Ark. 274, 280, 189 S.W.2d 922, 925 (1945). A review of the evidence in the instant case fails to reveal any request by appellees to forbear from suit or sufficient circumstances from which such agreement may be implied. In view of this, the trial judge was not clearly wrong in rejecting appellant's second point.

■ Appellant's third point for reversal must also be rejected. Relying upon *Jim Halsey Co., Inc. v. Bonar, supra*, appellant contends that "even if such errors were not separate grounds for reversal, the combined effect of the two errors is grounds for reversal." The case, however, does *not* support the argument. Instead, it simply underscores a plaintiff's right to proceed under two consistent theories of recovery when a defendant denies liability. "Contract and tort theories have been determined to be consistent when both seek the same relief and the evidence to support recovery on one theory partially supports it on another." *Id.* at 465, 683 S.W.2d at 902. The case simply does not stand for the principle for which it is cited by appellant.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.