982 F.2d 527
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Macio Quintez WILLIAMS, Appellant,
v.
Robert PERRY, Major, Tucker Unit, Arkansas Department of
Correction, Appellee.
 No. 92-2375EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 28, 1992.
Filed: January 4, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Macio Quintez Williams brought this 42 U.S.C. § 1983 action against Major Robert Perry, Chief Security Officer at the Tucker Maximum Security Unit of the Arkansas Department of Correction. The jury returned a verdict for Perry. We affirm.
 
 
 2
 On the day of trial, Williams moved for a continuance so he could locate witness Perry Wright. The district court denied the motion. Williams argues the motion should have been granted. We reverse on this ground only if the district court abused its discretion and the denial prejudiced Williams. United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir. 1991). Wright's responses to written interrogatories showed he would have corroborated the testimony of Williams and another inmate. Because Wright's testimony would have been cumulative, Wright's absence did not prejudice Williams's case.
 
 
 3
 Williams also argues the prison guards who transferred him and other inmates to the Maximum Security Unit were Perry's agents or servants and, thus, their statements were admissions by a party opponent that were admissible under Federal Rule of Evidence 801(d)(2)(D). Williams bears the burden of proving the existence of an agency relationship between the prison guards and Perry. E.P. Dobson, Inc. v. Richard, 705 S.W.2d 893, 894 (Ark. Ct. App. 1986). The essential elements of agency are authorization and right to control. Id.; see Hinson v. Culberson-Stowers Chevrolet, Inc., 427 S.W.2d 539, 541-42 (Ark. 1968).
 
 
 4
 The district court correctly ruled Williams did not lay a proper foundation to show Perry authorized the guards to act for him as his agents. Even if the prison guards acted as Perry's agents or servants when they transferred prisoners to the Maximum Security Unit, Williams did not attempt to show the guards made the statements at Perry's direction. The district court thus properly excluded the testimony as hearsay.
 
 
 5
 Accordingly, we affirm.