The Honorable Steve Harrelson State Representative 1206 North State Line Avenue Texarkana, AR 71854
Dear Representative Harrelson:
I am writing in response to your request for an opinion on the following:
 An employer in my district has an issue with some consequence statewide and would like an opinion from your office. Specifically Arkansas Annotated Code 11-4-402 says in part:
 "(b)(1)(A) All employees shall be paid in currency or by check or by electronic direct deposit into the employee's account.
 (B) The employee may opt out of electronic direct deposit by providing the employer a written statement requesting payment by check."
 The dilemma is this: if an organized employer has negotiated with its union employees that electronic direct deposit is a condition of employment and all future employees have been made aware of this, may an employee "opt out?"
 Secondly, does the law construe "may" as legal protection from discharge if the employee violates the negotiated contract between the union and employer, especially after the full membership of the union ratified the agreement through vote?
RESPONSE
In my opinion, I cannot definitively answer your first question because the answer will necessarily depend on findings of facts related to the language of the posited negotiated contract. I have, however, set out some relevant law below. With respect to your second question, it is also my opinion that a definitive answer would require a factual determination based on the language of the posited negotiated contract.
Question 1: If an organized employer has negotiated with its unionemployees that electronic direct deposit is a condition of employment andall future employees have been made aware of this, may an employee "optout?"
I am unable to opine on this matter because it requires factual determinations that this office is neither authorized nor equipped to undertake.
The right to collective bargaining for organized workers in Arkansas is protected by A.C.A. § 11-3-301 (Repl. 2002). This statute provides, among other things, that "organized labor" shall be free to bargain "collectively" for its members, by declaring such freedom the public policy of the State under Amendment 34 to the Arkansas Constitution. Arkansas Code Annotated § 11-4-402(b)(1)(B) (Supp. 2003) expressly provides that an employee may opt out of a direct deposit pay scheme in favor of receiving a physical check. This provision was added to A.C.A. § 11-4-402(b) by Act 925 of 2003, which was effective July 16, 2003. See
Op. Att'y Gen. 2003-119. All applicable law at the time of contracting is incorporated into a contract. Mahurin v. Oaklawn Jockey Club,339 Ark. 13, 15, 771 S.W.2d 19 (1989) (citations omitted); see also Int'lAssociation v. Motor Company, 223 Ark. 30, 264 S.W.2d 48 (1954) (noting that all applicable law is incorporated into a collective bargaining agreement at the date it is signed). Furthermore, a union is presumed not to negotiate away its members statutorily protected rights absent "clear and unmistakable" language. Metropolitan Edison Co. v. Nat. Labor Rel.Bd, 460 U.S. 693, 708 (1983).
In your request for an opinion, you posit a union negotiating a contract that provides all wages must be paid by direct deposit. You then ask whether an employee, who I will assume is a member of the union negotiating the contract,[1] may opt out of direct deposit under the terms of A.C.A. § 11-4-402.
As noted above, the provisions of A.C.A. § 11-4-402 allowing the "opting out" of direct deposit, were incorporated into every contract formed after its effective date, July 16, 2003. All employees in the state covered by this provision had the option to opt out of a direct deposit payment scheme on any contract formed after July 16, 2003. Your first question is whether a member of the union that negotiated the contract may opt out of the negotiated direct deposit pay scheme. I note that the forbearance of a legal right is valid consideration for a contract in Arkansas. See, e.g. E.P. Dobson, Inc. v. Richard,17 Ark. App. 155, 705 S.W.2d 893 (1986). If the contract was formed after the effective date of Act 925 of 2003, the legal right to receive a physical check could be bargained away as consideration in a contract. A court would not find a waiver of such a statutorily protected labor right, however, unless the language of the contract is "clear and unmistakable."Metropolitan Edison Co., 460 U.S. at 708.
In light of the above, I must decline to offer an official opinion on this matter. I have not been provided with a copy of the contract in question. The specific language of the contract involved as well as the effective date of the contract would need to be analyzed and interpreted to fully answer your question in accordance with existing law. Furthermore, I note that this question appears to be a question involving private contractual relationships and this office is statutorily forbidden from the private practice of law. Whether the choice of an employee to opt out of the direct deposit scheme would be in violation of the negotiated contract is a question of fact, which this office is neither authorized nor equipped to answer.
Question 2: Does the law construe "may" as legal protection fromdischarge if the employee violates the negotiated contract between theunion and employer, especially after the full membership of the unionratified the agreement through vote?
I am unable to opine on this matter because it would require a findings of fact which this office is neither authorized nor equipped to undertake. Furthermore, I note that this appears to be a matter of private contractual interpretation and this office is statutorily prohibited from the private practice of law.
Initially, your question assumes that opting out of a direct deposit pay scheme in favor of a physical check would be a violation of the negotiated contract. As discussed above, I am unable to determine whether opting out in the situation you have briefly described would be considered a breach of the contract without a copy of the contract in question.See, e.g. Wright v. Universal Maritime Service Corp., 525 U.S. 70, 79
(1998) (citing a history of cases requiring a "clear and unmistakable" waiver of a statutorily protected right in collective bargaining agreements). I do not have access to the hypothetical contract posited in your request for an opinion. In addition, you have not specified the date on which this contract was entered. As noted above, Act 925 of 2003 was effective only as of July 16, 2003. Answering this question would, therefore, require factual determinations which this office is neither authorized nor equipped to make. Again, properly answering your question will turn on analyzing and interpreting the specific language of the negotiated contract at issue. I am unable to reach this issue because such factual determinations are beyond the purview of this office's duties and powers in issuing advisory legal opinions.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] If the employee who wishes to opt out is not a member of the union, he or she may not be considered a party to the contract negotiated. In that situation, the question is solely whether a unique employee may exercise his or her statutory right to receive a physical paycheck. As a general rule, a contract binds only those who are party to it. See, e.g. Dawson v. Temps Plus, Inc., 337 Ark. 247, 987 S.W.2d 722
(1999) (acknowledging that a non-signatory to a covenant not to compete may be held liable under the covenant if he or she conspired to breach the covenant with a signatory).